**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3876-18T4

STATE OF NEW JERSEY,

     Plaintiff-Appellant,

v.

ROY DOVE, a/k/a MICHAEL
FLEMING, MIKE FLEMMING,
and KENT HUNT,

     Defendant-Respondent.

_____

Submitted August 28, 2019 – Decided September 4, 2019

Before Judges Alvarez and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 97-05-2358.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for appellant (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Diane E. Carl, First Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

By way of interlocutory appeal, the State challenges a Law Division order granting defendant Roy Dove's motion to correct an illegal sentence. We reverse.

Defendant was convicted by a jury of the following: first-degree aggravated manslaughter, N.J.S.A. 2C:11-4; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); first-degree armed robbery, N.J.S.A. 2C:15-1; fourth-degree unlawful possession of a knife, N.J.S.A. 2C:39-5(d); and third-degree possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4(d). On May 29, 1998, Dove was sentenced to an aggregate term of life in prison without parole, and a separate eighteen months for the unlawful possession of a knife. Although the convictions and sentence were affirmed, the matter was remanded for the entry of an amended judgment merging all the offenses.[1] State v. Dove, No. A-6522-98 (App. Div. Oct. 2, 2000). The Supreme Court denied certification. State v. Dove, 167 N.J. 88 (2001).

Defendant's two post-conviction relief (PCR) applications, both based on the grounds of ineffective assistance of counsel, were denied by way of

_____

[1] It is unclear whether a subsequent amended judgment was ever entered. None was included in either party's appendix. The only judgment of conviction provided is dated May 29, 1998.

unpublished opinions. State v. Dove, No. A-0567-04 (App. Div. Jan. 30, 2006); State v. Dove, No. A-4030-08 (App. Div. May 4, 2010). Defendant only petitioned for certification as to the first PCR, which was denied. State v. Dove, 186 N.J. 604 (2006). Defendant's petition for federal habeas corpus relief was also denied. Dove v. Ricci, No. 06-04940-FSH (D.N.J. Aug. 23, 2007).

When he sentenced defendant in 1998, the judge said:

> [U]nfortunately, as I have indicated . . . a jury has found you guilty of all of these charges. The State has made a motion for an extended term as a repeat offender, and pursuant to the statute they've confirmed their right to do so, and I must agree by virtue of the evidence submitted to me that they are correct, and I shall sentence you accordingly.
>
> The jury, despite your disagreement, required a total time of less than four and one-half hours to determine your guilt on these very serious matters.
>
> I have considered your presentence report very carefully. You're 36 years of age. You've been convicted as the State has indicated, of two serious crimes before. There's the necessity to deter you and others.

Defendant now alleges by way of motion that the judge's failure to articulate additional reasons made the sentence illegal and requires correction. Although appearing to agree with the State that even if defendant was resentenced, life without parole was mandated pursuant to N.J.S.A. 2C:43-7.1,

3

the Law Division judge nonetheless granted the application. The only reason she gave for the decision is that it would give defendant an opportunity to proffer the rehabilitative efforts he made since his incarceration some twenty years prior.

Defendant does not question his eligibility for mandatory life without parole pursuant to N.J.S.A. 2C:43-7.1(a). He had been convicted of two first-degree armed robberies, N.J.S.A. 2C:15-1, when at least twenty-one years old before his 1998 sentence. Thus, defendant was then also eligible for sentencing as a persistent offender pursuant to N.J.S.A. 2C:44-3(a).

The controlling case is State v. Acevedo, 205 N.J. 40 (2011). In that per curiam decision, the Court posed the question: "whether the imposition of consecutive sentences without a statement of reasons gives rise to [a basis for] relief on a petition for [PCR]." Id. at 42. The Court held that the sentence was not "illegal," within the scope of the rules related to PCR, and was "therefore not subject to modification on PCR." Ibid. The Court reviewed years of relevant precedent, reaffirming the well-established principle that the failure to state reasons for an otherwise legal sentence is not grounds for post-conviction relief. Id. at 45-47.

A-3876-18T4

Just as in <u>Acevedo</u>, this defendant contends that the sentence is illegal because of the judge's failure to enumerate the relevant aggravating and mitigating factors, or otherwise expand on his reasons. That does not suffice to make the sentence illegal. Applying <u>Acevedo</u>'s straightforward mandate, we must respectfully disagree with the Law Division judge.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3876-18T4