119 N.J. Super. 260 (1972)
291 A.2d 31
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HOWARD FORD, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1972.
Decided May 18, 1972.
*261 Before Judges LABRECQUE, KOLOVSKY and ALLCORN.
*262 Mr. Thomas E. Bracken, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Bracken, of counsel and on the brief).
Mr. Alfred J. Luciani, Deputy Attorney General, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney; Mr. Edward Roy Rosen, Assistant Prosecutor, on the brief).
PER CURIAM.
Defendant Howard Ford was indicted for possession and sale of heroin on September 30, 1970, January 5, 1971 and January 7, 1971. On May 11, 1971 he entered pleas of guilty to possession of heroin on September 30, 1970, and sale on January 5 and January 7, 1971. He was sentenced on June 11, 1971 to concurrent terms of 7-10 years in the New Jersey State Prison for each offense. His present appeal followed.
Defendant first challenges his 7-10 year sentence for possession of heroin on September 30, 1970 as illegal and violative of due process in that the maximum sentence for that offense, as prescribed by the New Jersey Controlled Dangerous Substance Act, L. 1970, c, 226 (N.J.S.A. 24:21-1 et seq.), which went into effect on January 17, 1971, was five years. N.J.S.A. 24:21-20(a)(1). Prior thereto, N.J.S.A. 24:18-47(c) (1) had fixed the maximum term of imprisonment for possession at 15 years.
We find defendant's contention to be without merit. N.J.S.A. 24:21-1 et seq., the Controlled Dangerous Substance Act, which went into effect after the commission of the present offenses but before the entry of defendant's plea of guilty to possession, provided that "Prosecutions for any violation of law occurring prior to the effective date of this act shall not be affected or abated by the repealers contained in section 47 of this act." N.J.S.A. 24:21-40(a). While defendant argues that the foregoing provision does no more than preserve properly founded indictments for offenses *263 which antedate the effective date of the statute, this contention is negated by subsection (d) of N.J.S.A. 24-21-40. which further provides that: "The provisions of this act shall be applicable to violations of law * * * which occur following its effective date." In view of this clear demonstration of legislative intent, we hold that repeal of the prior law was to be effective only as to violations occurring on and after the effective date of the new law, January 17, 1971. Thus the five-year maximum for possession contained therein did not apply and the sentencing judge was free to exercise his discretion within the limits prescribed by N.J.S.A. 24:18-47(c) (1). To the extent that State v. Haynie, 115 N.J. Super. 417 (Cty. Ct. 1971), may be considered as calling for a holding to the contrary, it is disapproved.
In view of the absence of any reasonable doubt as to the legislative intention, In re Estrada, 63 Cal.2d 740, 48 Cal. Rptr. 172, 408 P.2d 948 (Sup. Ct. 1966), and People v. Oliver, 1 N.Y.2d 152, 151 N.Y.S.2d 367, 134 N.E.2d 197 (Ct. App. 1956), cited by defendant, are inapposite.
Proceeding to defendant's second point, we are convinced that his commitment to the New Jersey State Prison for the term indicated was manifestly excessive. He was 25 years of age and an admitted homosexual at the time of his sentence. However, his previous convictions involved neither possession nor sale of narcotics and he represented to the court that he was no longer using narcotics.
We incline to the view that the ends of justice will best be served by the reduction of his sentences to terms of 3-5 years in State Prison on each count, to run concurrently with each other and with any other terms he may be serving.
Affirmed, as modified.