11 A.3d 858

STATE OF NEW JERSEY, PLAINTIFF–APPELLANT, v. WILLIAM ACEVEDO, JR., DEFENDANT–RESPONDENT.

Argued November 30, 2010—Decided February 1, 2011.

*Frank J. Ducoat,* Deputy Attorney General, argued the cause for appellant (*Paula T. Dow,* Attorney General of New Jersey, attorney).

*Alison S. Perrone,* Designated Counsel, argued the cause for respondent (*Yvonne Smith Segars,* Public Defender, attorney).

PER CURIAM.

In this case we are asked to decide whether the imposition of consecutive sentences without a statement of reasons gives rise to relief on a petition for post-conviction relief (PCR). We hold that the sentence was not "illegal" and therefore not subject to modification on PCR. Accordingly, we reverse the Appellate Division order that modified the consecutive sentences, and direct re-entry of the Law Division's order denying post-conviction relief.

## I.

On February 21, 1995, defendant entered a negotiated plea to burglary and the lesser-included offense of aggravated manslaughter in exchange for dismissal of ten other counts of an indictment alleging, among other things, the purposeful or knowing murder, robbery, and felony murder of two victims. The negotiated disposition also included the recommendation that the aggravated manslaughter count, which was "amended to include both victims," was to result in a sentence of thirty years with fifteen to be served "without parole" and a consecutive ten-year sentence with five to be served "without parole." The "overall sentence" was to be "forty years NJSP, twenty years without parole." Defendant was also "to testify truthfully regarding the involvement of the [co-defendants]."

At the plea colloquy defendant entered a factual basis for his plea and stated that he understood that the "recommended sentence" aggregated forty years imprisonment with twenty years to be served before parole eligibility. The recommended sentence was imposed on April 4, 1995. The statement of reasons on the judgment of conviction, consistent with the reasons stated on the record, reads:

AGGRAVATING CIRCUMSTANCES THAT APPLY ARE NUMBERS 3, 6, & 9. THERE ARE NO MITIGATING CIRCUMSTANCES.

THIS WAS A NEGOTIATED PLEA AGREEMENT BETWEEN THE PROSE-CUTOR AND THE DEFENDANT. IN DECIDING WHETHER OR NOT TO ACCEPT THE PLEA AGREEMENT, THE COURT CONSIDERED THE NA-TURE AND DEGREE OF THE CRIME, THE NEED FOR PUNISHMENT

AND DETERRENCE, THE DEFENDANT'S PROSPECTS FOR REHABILI-
TATION, THE PRESENTENCE REPORT, THE DEFENDANT'S PREVIOUS
INVOLVEMENT IN THE CRIMINAL JUSTICE SYSTEM, THE RECOM-
MENDATIONS OF THE PROSECUTOR AND THE PROBATION DEPART-
MENT, THE TERMS OF THE PLEA AGREEMENT AND THE INTEREST
OF THE PUBLIC. THE PLEA AGREEMENT APPEARS TO BE FAIR, AND
IN THE INTEREST OF JUSTICE AND THE COURT SENTENCES THE
DEFENDANT AS IS SET FORTH IN THIS JUDGMENT.

Reasons for imposition of the consecutive sentence were not given
on the record or in the judgment.

On or about June 4, 2007, over twelve years after he was
sentenced, defendant filed a "motion to correct an illegal sentence"
"pursuant to *R.* 3:22-12(a)." [1] An affidavit and brief were at-
tached. The brief claimed that the sentence was "illegal" because
"the sentencing court failed to properly find and weigh all aggra-
vating and mitigating factors." The matter was treated as a PCR
and argued by counsel,[2] who emphasized that mitigating factors
concerning defendant's cooperation and lack of prior record were
not considered. The PCR court denied the application, stating:

> Now, as to the alleged improper weighing of aggravating and mitigating factors,
> that really amounts to an excessive sentencing argument and not an argument that
> the sentence was illegal. The sentence imposed ... was pursuant to a negotiated
> plea agreement and did not exceed the maximum permitted by law under the

---

[1] *Rule* 3:22-12 was amended after defendant's PCR was considered and
denied. Effective on September 1, 2009, a PCR petition would have to be filed
under *Rule* 3:21-10(b)(5) if only an issue of sentence legality is raised in the first
PCR petition or if the claim is embodied in a second or subsequent PCR. *R.*
3:22-2(c). That *Rule* still permits post conviction relief if the sentence was "in
excess of or otherwise not in accordance with the sentence imposed by law."
*Rule* 3:21-10(b)(5), which permits an application and entry of an order "correct-
ing" an illegal sentence "at any time," refers only to "a sentence not authorized
by law including the Code of Criminal Justice." The words "in excess of" do not
appear in the *Rule*. *See* Pressler & Verniero, *Current N.J. Court Rules,* comment 2
on *R.* 3:21-10(b).

[2] We do not know if the attorney was retained or was designated by the Public
Defender. *See R.* 3:22-6(a) (indigent entitled to assignment of counsel on first
PCR). The 2009 amendment to *Rule* 3:22-6(a) did not change that right.
Moreover, *Rule* 3:21-10(c) now permits the assignment of counsel "upon a
showing of good cause," just as *Rule* 3:22-6(b) permits it on an application by an
indigent for counsel on a second or subsequent PCR application.

sentencing statute. In reality, this is an excessive sentence argument and excessive sentencing arguments must be raised in a direct appeal, not by way of an illegal sentence motion or by way of a petition for post-conviction relief. Defendant is clearly time-barred in this matter from post-conviction relief with regard to seeking it in that way, although I note that he has filed it as an illegal sentence motion. And, indeed, it is my impression that excessive sentencing is not even available in a PCR.

The long and the short of it is, that any claim of excessive sentencing should have been raised in a direct appeal process, not ten years later in a motion as an illegal sentence. He is time-barred, it is not the way to do it, and even if [the sentencing judge] improperly applied aggravating Factor 6 and failed, allegedly, to use mitigating Factor 12, there is no basis at this late date, by way of this type of application, to seek relief from that sentence. The sentence is not illegal.

On appeal on a Sentence Oral Argument calendar, *see R*. 2:9–11, defendant's attorney argued that

mitigator 12 should have applied because [defendant] did cooperate with the police by immediately confessing when questioned by the police and by also indicating his willingness to testify against the codefendant. The State did ultimately decide not to use him in the—against the co-defendant but nevertheless, he had been willing to cooperate throughout this procedure.

In addition, the defendant submits that aggravator 6, prior record, either should not have been found or should have been given very little weight because he had only one juvenile adjudication and no other indictable convictions other than this one. So the defendant would ask that this Court in the interest of justice entertain this motion and reduce his sentence.

The Appellate Division thereafter entered an order, in which it noted that "[a] challenge based on excessiveness is not cognizable" on post conviction relief and concluded "that the sentence imposed is not illegal." It nevertheless determined that "the imposition of consecutive terms for the second-degree burglary (ten with a five-year parole disqualifier) and the first-degree aggravated manslaughter (thirty years with a fifteen-year parole disqualifier) are manifestly excessive and unduly punitive and constitute an abuse of discretion." The court also addressed the imposition of consecutive sentences, and stated:

We note that the reasons for imposing consecutive sentences must be expressly stated. *State v. Miller*, 108 *N.J.* 112, 122 [527 *A*.2d 1362] (1987). That was not done here. Failure to do so may compel a remand for resentencing. *Ibid.*

Here, defendant was a lookout while his co-defendants entered a home, where they knew the two victims were present. In a robbery attempt, the co-defendants

killed the victims. At the time, defendant was eighteen-years-old.[3] Applying the *Yarbough* guidelines, we note that the crimes and their objectives: were not independent of each other; and did not involve separate acts, but were committed during a single episode. Although there were two victims, the State agreed in the plea offer to include both [homicide] victims in one conviction. In short, the burglary was inexorably connected and a part of the manslaughter. We, therefore, sua sponte find it necessary to modify the judgment. *See State v. Jarb[a]th,* 114 *N.J.* 394, 410–412 [555 *A.*2d 559] (1989).

 Thus, the sentences imposed by the trial court are affirmed as to the length of the terms and the imposition of parole disqualifiers, but the two terms are to run concurrent to each other.

We granted certification, *State v. Acevedo,* 202 *N.J.* 45, 994 *A.*2d 1040 (2010), to consider the impact of the Appellate Division's exercise of original jurisdiction. We now reverse.

## II.

 As the Appellate Division noted in its order, an illegal sentence is one that "exceeds the maximum penalty provided in the Code for a particular offense" or a sentence "not imposed in accordance with law." *State v. Murray,* 162 *N.J.* 240, 247, 744 *A.*2d 131 (2000); *see also State v. Marshall,* 173 *N.J.* 343, 354–55, n. 2, 801 *A.*2d 1142 (2002); *State v. Clark,* 65 *N.J.* 426, 437, 323 *A.*2d 470 (1974). Moreover, as the Appellate Division also observed, a trial judge in sentencing a defendant must state his or her reasons for imposing consecutive sentences. *Miller, supra,* 108 *N.J.* at 122, 527 *A.*2d 1362. However, those holdings do not bestow upon a reviewing court the right to either amend or modify a consecutive sentence on PCR because the reasons for imposition of consecutive sentences were not stated. In relaxing *Rule* 3:22–2(c) because of a "fundamental injustice" in the imposition of consecutive sentences for sex offenses requiring treatment and for non-sex crimes, we stated in *Clark* that

 [t]he rule is, of course, fairly established that mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being

---

 [3] Defendant was seventeen at the time but consented to the waiver of his case to the Law Division. *See R.* 5:22–1; *N.J.S.A.* 2A:4A–27.

beyond or not in accordance with legal authorization, is not an appropriate ground of post-conviction relief and can only be raised on direct appeal from the conviction. [*Clark, supra,* 65 *N.J.* at 436–37, 323 *A.*2d 470.]

In *State v. Flores,* 228 *N.J.Super.* 586, 550 *A.*2d 752 (App.Div. 1988), *certif. denied,* 115 *N.J.* 78, 556 *A.*2d 1220 (1989), an appellate panel considered a defendant's PCR claim, based on consecutive sentences imposed without a proper discussion and balancing of aggravating and mitigating factors and the guidelines articulated in *State v. Yarbough,* 100 *N.J.* 627, 498 *A.*2d 1239 (1985), *cert. denied,* 475 *U.S.* 1014, 106 *S.Ct.* 1193, 89 *L.Ed.*2d 308 (1986). In determining that defendant's claims were not cognizable, the panel explained that "mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground for post-conviction relief and can only be raised on direct appeal from the conviction." *State v. Flores, supra,* 228 *N.J.Super.* at 592, 550 *A.*2d 752 (quoting *State v. Clark,* 65 *N.J.* 426, 437, 323 *A.*2d 470 (1974)). In lieu of permitting post-conviction review of excessive sentence claims, the panel emphasized the right of defendants to seek relief on direct appeal:

While identification of the applicable aggravating and mitigating factors may perhaps lend itself to abstract and objective analysis, the weighing process envisioned by the Code's provisions necessarily reflects the seasoning and experience of the particular sentencing judge. To permit post-conviction review of the adequacy of the sentencing judge's findings and conclusions would open the gates to an avalanche of grievances, often long after the sentence was imposed. In light of the availability of relief by way of direct appeal, we perceive no need to make post-conviction relief an open sesame for the wholesale review of sentences....

What has been said thus far applies with equal force to defendant's argument that the consecutive sentences imposed ran afoul of the *Yarbough* guidelines. In our view, this is not an issue cognizable in post-conviction relief proceedings because it does not relate to the legality of the sentences imposed.

[*State v. Flores, supra,* 228 *N.J.Super.* at 595–96, 550 *A.*2d 752 (footnote omitted).]

The panel observed that, historically, such claims have been construed "as relating to the 'excessiveness' of the sentences, rather than their legality." *Id.* at 596, 550 *A.*2d 752 (referencing *State v. Walker,* 80 *N.J.* 187, 196, 403 *A.*2d 1 (1979); *State v. Day,* 216 *N.J.Super.* 33, 37, 522 *A.*2d 1019 (App.Div.1987), *certif. denied,* 107 *N.J.* 640, 527 *A.*2d 462 (1987); *State v. Allen,* 139 *N.J.Super.*

285, 289, 353 *A*.2d 546 (App.Div.1976); *State v. Ford,* 119 *N.J.Super.* 260, 263, 291 *A*.2d 31 (App.Div.1972)).

The *Flores* court further drew its authority from this Court's decision in *State v. Clark, supra,* which held "a claim of 'excessive' sentence by reason of the aggregation of the custodial terms imposed was 'distinct from [an argument of sentence illegality] by reason of being beyond or not in accordance with legal authorization' and was 'not an appropriate ground of post-conviction relief....'" *State v. Flores, supra,* 228 *N.J.Super.* at 596–97, 550 *A*.2d 752 (citing *State v. Clark, supra,* 65 *N.J.* at 437, 323 *A*.2d 470). *Flores,* therefore, concluded that allegations of improper consideration of aggravating and mitigating factors and consecutive sentencing guidelines were not cognizable claims on post-conviction relief. *Ibid. See also State v. Ellis,* 346 *N.J.Super.* 583, 596, 788 *A*.2d 849 (App.Div.) (ordering sentence without parole eligibility term to be served before consecutive sentence with parole "disqualifier" not an illegal sentence cognizable on PCR), *aff'd o.b.,* 174 *N.J.* 535, 809 *A*.2d 796 (2002); *State v. Ervin,* 241 *N.J.Super.* 458, 470–75, 575 *A*.2d 491 (App.Div.1989) (remanding for resentencing on PCR because consecutive sentences above the presumptive term with a period of parole ineligibility imposed on violation of probation (VOP) not "authorized" by statute as interpreted by this Court's criteria for sentencing on VOPs, but developing distinction between excessive and illegal sentences for purposes of PCR), *certif. denied,* 121 *N.J.* 634, 583 *A*.2d 328 (1990).

Accordingly, as defendant's contentions regarding consecutive sentences or the absence of reasons for imposition of the consecutive sentences do not relate to the issue of sentence "legality" and are not cognizable on PCR, or under the present *Rule* 3:21–10(b)(5), the Appellate Division erred in modifying the sentence.[4]

---

[4] This determination renders the issue of timeliness of the application moot. *See R.* 3:22–12. We note, however, that a truly "illegal" sentence can be corrected "at any time." *R.* 3:21–10(b)(5); *R.* 3:22–12.

## III.

The order of the Appellate Division is reversed, and the order of the Law Division denying PCR is reinstated.

*For reversal and reinstatement*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, RIVERA–SOTO, HOENS and STERN (temporarily assigned)—7.

*Opposed*—None.

