**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2681-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DARRYL DAVIS,

     Defendant-Appellant.

_____

     Submitted September 10, 2019 – Decided November 14, 2019

     Before Judges Yannotti and Hoffman.

     On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 91-01-0061.

     Ferro and Ferro, attorneys for appellant (Nancy C. Ferro, on the briefs).

     Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Scott Joseph Gershman, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Darryl Davis appeals from a November 14, 2017 Law Division order denying his motion to correct an allegedly illegal sentence. We affirm.

This case arises from the July 1987 murder and robbery of Gamal Sledge in Newark. Defendant bludgeoned Sledge with a barbell in Sledge's apartment and left him to die. In 1992, a jury found defendant guilty of first-degree murder, first-degree felony murder, first-degree robbery, and third-degree theft. The State moved for the imposition of a discretionary extended term, which the trial court denied (when defendant was sentenced in 1992, murder was not a crime for which the court could impose an extended term). On the first-degree murder count, defendant received a custodial term of life, with a thirty-year period of parole ineligibility, and on the first-degree robbery count, the court sentenced defendant to a consecutive custodial term of twenty years, with a ten-year period of parole ineligibility. The remaining two counts merged.

We affirmed defendant's conviction and sentence on direct appeal. State v. Davis, No. A-3430-92 (App. Div. July 5, 1995). Thereafter, the trial court denied defendant's petition for post-conviction relief (PCR). We affirmed the denial of PCR. State v. Davis, No. A-3527-99 (App. Div. May 1, 2001). The Supreme Court thereafter denied defendant's petition for certification. State v. Davis, 169 N.J. 610 (2001).

A-2681-17T4

In August 2016, defendant filed a "motion to correct illegal sentence." At sentencing, the trial judge denied the State's motion for an extended term "because the sentence will adequately punish the defendant and it will adequately protect society from the defendant, and there are other reasons I prefer not to express, but basically I don't think it is necessary and I don't think it is appropriate." Defendant argued that the sentencing judge improperly withheld the "other reasons" he preferred "not to express," while at the same time imposing a de facto extended term.

Judge Timothy P. Lydon denied defendant's motion, concluding that defendant's claim was already rejected on direct appeal:

> Defendant's appeal alleged that the trial court imposed an excessive sentence. The Appellate Division addressed his claim and concluded that the trial court properly addressed its discretion to impose the consecutive sentence. It found that the overall sentence reflected the extent of defendant's record and the viciousness of the crimes for which he was sentenced.

Because this court previously considered the same arguments raised in defendant's motion to correct his sentence, and "determined that his claims lacked merit," Judge Lydon denied defendant's motion, citing State v. McQuaid, 147 N.J. 464, 484 (1997) ("A prior adjudication on the merits ordinarily

3

constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review.")

Judge Lydon further noted that the Supreme Court previously addressed the same excessive sentencing claim as presented in defendant's motion in State v. Acevedo, 205 N.J. 40, 45 (2011). In that case, the defendant argued he received an illegal sentence because the sentencing judge failed to provide a statement of reasons for imposing a consecutive sentence. Id. at 42. As Judge Lydon explained, the Court in Acevedo held that "a motion to correct an illegal sentence 'do[es] not bestow upon a reviewing court the right to either amend or modify consecutive sentences . . . because the reasons for imposition of consecutive sentences were not stated.'"

This appeal followed, with defendant presenting the following argument:

> THE COURT BELOW ERRED IN AFFIRMING THE SENTENCING JUDGE'S DECISION IN WHICH THE COURT STATED THAT CERTAIN REASONS WOULD NOT BE EXPRESSED.

We find no merit in this argument and affirm substantially for the reasons stated by Judge Lydon in his cogent written opinion. We add the following comments.

"[A] truly 'illegal' sentence can be corrected 'at any time.'" Acevedo, 205 N.J. at 47 n.4 (2011) (quoting R. 3:21-10(b)(5); R. 3:22-12). "[A]n illegal

sentence is one that 'exceeds the maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with law.'" Id. at 45 (quoting State v. Murray, 162 N.J. 240, 247 (2000)). A sentence "not imposed in accordance with law" includes a "disposition [not] authorized by the Code." Murray, 162 N.J. at 247. However, "mere excessiveness of sentence otherwise within authorized limits, as distinct from illegality by reason of being beyond or not in accordance with legal authorization, is not an appropriate ground of post-conviction relief and can only be raised on direct appeal from the conviction." State v. Clark, 65 N.J. 426, 437 (1974).

As Judge Lydon noted, this court previously rejected defendant's claim that his sentence was excessive. Moreover, the sentencing judge did not impose an extended-term sentence, as defendant claims. The judge imposed the legally-authorized sentence for murder and also imposed the legally-authorized consecutive sentence for the separate robbery conviction.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2681-17T4