**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4170-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEVEN B. MCNEIL,

     Defendant-Appellant.

_____

          Submitted October 30, 2019 - Decided November 18, 2019

          Before Judges Koblitz and Mawla.

          On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 02-06-0929.

          Steven B. McNeil, appellant pro se.

          Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Jennifer Bentzel Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Steven B. McNeil appeals from the March 9, 2018 order denying his post-conviction petition (PCR) to correct an illegal sentence. The sentence was imposed more than thirteen years before he filed his motion. We affirmed his conviction, State v. McNeil, No. A-3346-05 (App. Div. Dec. 13, 2007), and our Supreme Court denied his petition for certification, State v. McNeil, 195 N.J. 422 (2008). Defendant's arguments are without merit and, after de novo review, we affirm substantially for the reasons expressed by the court in its March 9 letter opinion.

Following a jury trial, defendant was found guilty of both third-degree aggravated assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a), and second-degree eluding, N.J.S.A. 2C:29-2(b). In September 2005, he was sentenced to an aggregate term of ten years in prison with a five-year period of parole ineligibility, to be served consecutively to the sentences defendant was then serving.

On direct appeal, we determined that "[t]he sentence imposed by the trial judge properly took into account the relevant aggravating and mitigating factors under N.J.S.A. 2C:44-1 and was well within the discretion of the sentencing judge." McNeil, slip op. at 10.

A-4170-17T2

The trial court denied defendant's motion to correct an illegal sentence on the basis that it was procedurally barred under Rule 3:22-5. It explained that, because we determined on direct appeal that defendant's consecutive sentence was not excessive and not in violation of State v. Yarbough, 100 N.J. 627 (1985), and because our Supreme Court denied certification, McNeil, 195 N.J. at 422, our decision to affirm the conviction and sentence is dispositive.

Defendant raises the following issue on appeal:

> POINT I: THE TRIAL COURT ERRED BY CONSIDERING APPELLANT'S MOTION TO CORRECT HIS ILLEGAL SENTENCE UNDER THE PROCEDURAL BAR RULE.

We apply a de novo standard of review and "give no deference to the legal conclusions of the PCR court." State v. Harris, 181 N.J. 391, 415 (2004). Defendant argues that the trial court erred as a matter of law by viewing his motion to correct an illegal sentence under Rule 3:22-5, which governs motions for post-conviction relief and procedurally bars this motion. Defendant argues that he filed his motion pursuant to Rule 3:21-10(b)(5), which governs the review of an illegal sentence, which can be heard at any time.

Rule 3:22-5 states: "A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the

conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings."

Rule 3:21-10(b)(5) provides that "[a] motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice."  Our Supreme Court has stated that "a truly 'illegal' sentence can be corrected 'at any time.'"  State v. Acevedo, 205 N.J. 40, 47 n.4 (2011) (quoting R. 3:21-10(b)(5)).  "[A]n illegal sentence is one that 'exceeds the maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with law.'"  Id. at 45 (quoting State v. Murray, 162 N.J. 240, 247 (2000)).

Defendant does not provide any argument establishing that his consecutive sentence was not authorized by law.  Defendant's argument that the trial court did not properly assess whether the sentence imposed should be concurrent or consecutive to the sentence he was then serving was addressed in our opinion on direct appeal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4170-17T2