**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2408-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GREGORY ROYAL, a/k/a
GREGARY ROYAL,

    Defendant-Appellant.

_____

        Submitted October 28, 2019 – Decided February 13, 2020

        Before Judges Fasciale, Moynihan and Mitterhoff.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 97-01-0297.

        Gregory Royal, appellant pro se.

        Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda Anne Shashoua, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant was convicted by jury of first-degree armed robbery, N.J.S.A. 2C:15-1 (count one); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count two); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count three); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7) (count four); third-degree terroristic threats, N.J.S.A. 2C:12-3(b) (count five); second-degree burglary, N.J.S.A. 2C:18-2 (count six); first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1) (count seven);[1] third-degree criminal restraint, N.J.S.A. 2C:13-2(a) (count eight); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count nine); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count ten). He was sentenced to an extended term, pursuant to N.J.S.A. 2C:43-7(a)(2), of life imprisonment with twenty-five years of parole ineligibility for first-degree robbery; sentences on other counts, not merged, ran concurrent to that sentence.

We affirmed his convictions and sentence on direct appeal. State v. Royal (Royal I), No. A-4640-98 (App. Div. Apr. 18, 2002). Our Supreme Court denied certification. State v. Royal (Royal II), 174 N.J. 192 (2002). We also upheld

---

[1] Although defendant claims in his merits brief he was found not guilty of kidnapping, that crime is listed as a final charge on the judgment of conviction. The sentencing judge merged kidnapping into the robbery.

A-2408-18T4

the denial of defendant's petitions for post-conviction relief.[2]  Royal IV; State v.

Royal (Royal III), No. A-4488-04 (App. Div. Dec. 26, 2006).  The United States

District Court for the District of New Jersey denied his application for a writ of

habeas corpus.  Royal v. Balicki (Royal V), No. 07-5234 (D.N.J. Jan. 20, 2009).

Defendant appeals from Judge Edward J. McBride, Jr.'s order denying his

motion to correct an illegal sentence.  In the single point in his pro se merits

brief, defendant argues:

> THE LAW DIVISION ERRED IN DENYING
> [DEFENDANT'S] MOTION BECAUSE THE COURT
> IMPOSED AN ILLEGAL SENTENCE UPON . . .
> DEFENDANT BECAUSE IT IS NOT IN
> ACCORDANCE WITH THE SENTENCES
> AUTHORIZED BY LAW UNDER NEW JERSEY
> STATUTE[, N.J.S.A.] 2C:43-7.

Although we find insufficient merit in defendant's argument to warrant

discussion in a written opinion, R. 2:11-3(e)(2), we add the following remarks.

As he did before Judge McBride, in a motion filed under Rule 3:21-

10(b)(5), defendant argues his sentence of "[twenty-five] to life" is illegal

because the sentence to life imprisonment "fails to provide a specific term of

---

[2]  In his second PCR petition, defendant argued his extended-term sentence was
illegal, relying on Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v.
Washington, 542 U.S. 296 (2004).  State v. Royal (Royal IV), No. A-1316-10
(App. Div. Dec. 1, 2011) (slip op. at 1).

years[.]" He also contends his sentence is illegal because N.J.S.A. 2C:43-7(a)(2) mandates the sentence range is "between [twenty] years and life imprisonment"; as such, the sentence imposed is not authorized by law because it does not fall between those two terms.

As to his former argument, we agree with Judge McBride that defendant was "not sentenced to '[twenty-five] years to life.'" Defendant was sentenced to life imprisonment with twenty-five years of parole ineligibility, which, as the judge concluded, "is a fixed sentence[.]" Defendant's reliance on State v. Townsend, 186 N.J. 473 (2006), is misplaced. There, the defendant was sentenced to an extended term sentence between "'thirty years to life' imprisonment," a term our Supreme Court determined unlawful because N.J.S.A. 2C:43-7 requires an extended-term sentence be "a specific term of years between thirty years and life imprisonment." Id. at 485 n.2. Defendant's sentence comported exactly with the statute and was not illegal. See State v. Acevedo, 205 N.J. 40, 45 (2011) (defining an illegal sentence as "one that 'exceeds the maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with law'" (quoting State v. Murray, 162 N.J. 240, 247 (2000))).

A-2408-18T4

As to defendant's latter argument, he correctly notes the sentencing range for an extended term imposed under N.J.S.A. 2C:43-7(a)(2) is "for a specific term of years . . . between [twenty] years and life imprisonment." If a defendant is statutorily eligible for an extended term,

> the range of sentences, available for imposition, starts at the minimum of the ordinary-term range and ends at the maximum of the extended-term range. By recognizing that the top of the extended-term range is the "top" applicable to a persistent offender, we do not make mandatory a defendant's sentencing within the enhanced range. Rather, we merely acknowledge that the permissible range has expanded so that it reaches from the bottom of the original-term range to the top of the extended-term range. Where, within that range of sentences, the court chooses to sentence a defendant remains in the sound judgment of the court—subject to reasonableness and the existence of credible evidence in the record to support the court's finding of aggravating and mitigating factors and the court's weighing and balancing of those factors found.
>
> [State v. Pierce, 188 N.J. 155, 169 (2006) (emphasis added).]

Contrary to defendant's contorted interpretation of N.J.S.A. 2C:43-7(a)(2), the "top of the extended-term range" is not up to, but not including, life imprisonment; it is life imprisonment. See ibid. That is, the maximum sentence is the last term provided in the statute. By way of example, the Court, in considering an ordinary term for a second-degree crime, explained: "the

'statutory maximum' authorized by the jury verdict or the facts admitted by a defendant at his guilty plea is the top of the sentencing range for the crime charged, e.g., ten years for a second-degree offense, N.J.S.A. 2C:43-6(a)(2)." State v. Natale, 184 N.J. 458, 487 (2005). That statute provides the range of sentence "[i]n the case of a crime of the second[-]degree, for a specific term of years which shall be fixed by the court and shall be between five years and [ten] years." N.J.S.A. 2C:43-6(a)(2) (emphasis added). Notwithstanding the Legislature's use of "between," the Court recognized the last sentence in the range—ten years—was the maximum sentence. Natale, 184 N.J. at 487.

The same analysis is applicable to a statute providing a maximum term of life imprisonment. In State v. Candelaria, 311 N.J. Super. 437, 440-41 (App. Div. 1998), we considered a defendant's sentence to life imprisonment for first-degree robbery. Once we determined the sentencing judge properly found a discretionary extended-term sentence was warranted under N.J.S.A. 2C:44-3(a), we concluded, "based on [the judge's] justified assessment of the aggravating and mitigating factors, there is no basis to interfere with imposition of a life sentence, albeit at the top of the range for an extended term on a first-degree crime." Id. at 452.

A-2408-18T4

"A sentence is illegal if it 'exceeds the maximum penalty provided in the Code for a particular offense,' is 'not imposed in accordance with law,' or fails to include a mandatory sentencing requirement." State v. Locane, 454 N.J. Super. 98, 117 (App. Div.) (quoting Acevedo, 205 N.J. at 45), certif. denied, 235 N.J. 457 (2018). Defendant's sentence to life imprisonment does not fit any of those criteria; it was a legal sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2408-18T4