**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5525-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

GERALD J. POHIDA,
a/k/a JERRY POHIDA,

    Defendant-Appellant.

_____

        Submitted November 17, 2020 — Decided December 4, 2020

        Before Judges Yannotti and Mawla.

        On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 04-04-0497.

        Michael R. Shulman, attorney for appellant.

        Gurbir S. Grewal, Attorney General, attorney for respondent (Valeria Dominguez, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Gerald Pohida appeals from a June 7, 2019 order denying his motion to correct an illegal sentence. We affirm.

A jury found defendant guilty of two counts of first-degree kidnapping, N.J.S.A. 2C:13-1(b); two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b); two counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); and first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a). The trial court sentenced defendant to an aggregate term of thirty years of imprisonment, with a twenty-five-year period of parole ineligibility.

We recounted the salient facts addressing defendant's appeal from the judgment of conviction as follows:

> In October 2003, a local police department received information that L.M., a thirteen-year-old female, was having an inappropriate relationship with defendant, who was forty-one years old at the time. The police investigated the allegations, and . . . L.M. said that she first began to communicate with defendant in 2002 over the internet and had engaged in sexual activity with him on various dates from June 2003 through October 2003.
>
> At trial, L.M. testified that . . . defendant picked up L.M. in his automobile. They drove around for a half hour and L.M. performed oral sex upon defendant. Thereafter, defendant drove L.M. to a garage where he instructed her to get on her knees and perform oral sex

upon him. On three subsequent occasions, L.M. performed oral sex upon defendant.

Thereafter, defendant wanted to meet some of her friends. L.M. brought A.S., her friend and classmate, to meet defendant. A.S. was twelve years old at the time. Defendant took them for a drive in his car. L.M. performed oral sex upon defendant while he drove. L.M. and A.S. then switched seats and A.S. performed oral sex upon defendant.

L.M. testified that she and defendant had their final meeting in October 2003. Defendant picked up L.M. at school. She was wearing her school uniform. Defendant drove her to the home of Jim Dalian (Dalian), an individual with whom they had communicated on the internet. L.M. performed oral sex upon both men, and Dalian performed oral sex on her.

A.S. also testified. She said that she met defendant through L.M. and communicated with him several times over the internet. . . . A.S. testified that, after defendant picked them up in his car, she and L.M. performed oral sex upon defendant.

. . . .

. . . [D]efendant was questioned by the police and he responded to their questions. Defendant admitted meeting L.M. but denied that they ever engaged in any sexual activity. [The investigating officer] also testified that the search of defendant's car revealed several items, including directions to Dalian's house and a stained towel. Tests performed by the New Jersey State Police revealed that the towel contained defendant's semen.

A-5525-18T1

Dalian testified that he "met" L.M. on the internet. Dalian pled guilty to second-degree sexual assault and he had been sentenced to six years of incarceration. Dalian was incarcerated at the time of the trial. He stated that he communicated with defendant on-line. Dalian said that defendant and L.M. visited him in his apartment in October 2003, and L.M. was wearing a "kind of a school uniform[.]" L.M. undid her bra and Dalian touched her breasts. According to Dalian, defendant asked him if he would like L.M. to perform oral sex upon him. Dalian agreed and L.M. performed oral sex "for a little bit." L.M. also performed oral sex upon defendant, while Dalian performed oral sex upon L.M.

Defendant testified on his own behalf. Defendant admitted that he communicated with L.M. over the internet. . . . Defendant further testified that they met in person on several occasions. Defendant denied that he and L.M. had an inappropriate relationship. He said that he had not engaged in sexual acts with L.M. or A.S. Defendant stated that he only met A.S. on one occasion, when he picked L.M. up from school, and A.S. never entered his car. He also denied that he met Dalian prior to the trial.

Defendant additionally testified about the towel that the police found in his car. He said that he had a hereditary condition that made it painful for him to urinate or ejaculate. He stated that he would use the towel in his car to relieve some of the pain he felt due to this condition.

[State v. Pohida, No. A-6266-05 (App. Div. Feb. 10, 2009) (slip op. at 2-5).]

Defendant's initial appeal challenged the admissibility of his statement to police, L.M.'s statement to police, the State's conduct during its opening and summation, the trial court's evidentiary ruling relating to defendant's medical records, an issue relating to juror conduct, and defendant's exclusion from the courtroom during argument of a motion. Id. at 6-8. We affirmed defendant's convictions and sentences on direct appeal. Id. at 36.

Defendant then filed a petition for post-conviction relief (PCR), alleging ineffective assistance of trial counsel regarding the issues he raised on appeal. State v. Pohida, No. A-2408-11 (App. Div. Sept. 30, 2013) (slip op. at 6). The PCR court denied the petition and we affirmed in part, reversed in part, and remanded for an evidentiary hearing. Id. at 17. On remand, the PCR court denied relief and we affirmed. State v. Pohida, No. A-0868-15 (App. Div. Apr. 10, 2018) (slip op. at 1), certif. denied, 236 N.J. 383 (2019).

This appeal concerns defendant's motion to correct what he claims is an illegal sentence. Judge Dennis V. Nieves heard the motion and summarized defendant's argument as follows:

> [T]hat the trial court's instructions to the jury failed to state that in order to find . . . defendant guilty of first[-]degree kidnapping, the jury must find that . . . defendant knowingly harmed . . . L.M. . . . . The jury was also not read the full definition of "harm" to include that emotional or psychological harm must be

substantial or enduring. The defense contends that if the jury had received the adequate instructions, they would not have found . . . defendant guilty of first[-]degree kidnapping, therefore . . . defendant must be awarded a new trial.

The judge noted the model jury charge for first-degree kidnapping had been updated since defendant's trial to include a definition of harm, but concluded as follows:

> Even if the jury was presented with the updated charge, it is unlikely that the jury would have rendered a different verdict. . . .
>
> . . . Taken in its entirety, the jury was instructed that in order to find the defendant guilty of first[-]degree kidnapping, the State must prove beyond a reasonable doubt that the victim was removed a substantial distance from the vicinity where she was found and the victim was harmed. That harm being sexual assault on a victim under the age of [sixteen]. The jury was told "[t]he burden is on the State to prove beyond a reasonable doubt that the victim was either harmed or not released in a safe place prior to the defendant's apprehension. Unless you find that the State has carried this burden you must find defendant not guilty of kidnapping in the first[-]degree." The updated instruction that includes the sentence expanding upon the types of harm encompassed in the term "harm" would not have aided the jury during deliberations, because psychological and emotional harm were not presented for the jury's consideration.

The judge denied the motion.

Defendant raises the following arguments on appeal:

6                                                         A-5525-18T1

POINT I. THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO CORRECT THE ILLEGAL SENTENCE, IMPROPERLY RELIED UPON THE STATE'S CONTENTION OF "PER-SE" HARM WITH REGARD TO THE FIRST-DEGREE KIDNAPPING CHARGE[.]

POINT II. THE TRIAL COURT, GUIDED BY STATE V. CASILLA[1], HAS THE AUTHORITY TO RESENTENCE [DEFENDANT] TO KIDNAPPING IN THE SECOND-DEGREE RANGE (Not Raised Below).

POINT III. [DEFENDANT'S] CONVICTION CANNOT BE JUSTIFIED BASED UPON THE UNCHARGED ELEMENTS OF N.J.S.A.[ ]2C:13-1(C) (Not Raised Below).

"A truly illegal sentence can be corrected at any time." State v. Zuber, 442 N.J. Super. 611, 617 (App. Div. 2015), rev'd on other grounds, 227 N.J. 422 (2017) (internal citations and quotations omitted). "A sentence is illegal if it . . . is 'not imposed in accordance with law,' . . . ." State v. Locane, 454 N.J. Super. 98, 117 (App. Div. 2018) (quoting State v. Acevedo, 205 N.J. 40, 45 (2011)). "Whether [a] defendant's sentence is unconstitutional is an issue of law subject to de novo review." Zuber, 442 N.J. Super. at 618 (citing State v. Pomianek, 221 N.J. 66, 80 (2015)).

---

[1] 362 N.J. Super. 554 (App. Div. 2003).

When a defendant fails to object to an error regarding a jury charge, the standard of review is for plain error. State v. Funderburg, 225 N.J. 66, 79 (2016). "Under that standard, [the court] disregard[s] any alleged error 'unless it is of such a nature as to have been clearly capable of producing an unjust result.'" Ibid. (quoting R. 2:10-2). "The possibility of an unjust result must be 'sufficient to raise reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." State v. Ross, 229 N.J. 389, 407 (2017) (quoting State v. Williams, 168 N.J. 323, 336 (2001)).

Having considered defendant's arguments and the entire record, we affirm substantially for the reasons expressed in Judge Nieves' well-reasoned opinion. We add the following comments.

Rule 3:22-4(a) states:

> Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court motion or at the hearings finds: (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or (2) that enforcement of the bar to preclude claims . . . would result in fundamental injustice; or (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

> A ground could not reasonably have been raised in a prior proceeding only if defendant shows that the factual predicate for that ground could not have been discovered earlier through the exercise of reasonable diligence.

As we noted in our recitation of the prior appellate history, defendant never raised arguments relating to any aspect of the jury charges, which he raised before Judge Nieves and now raises on this appeal. For these reasons, he is procedurally barred from doing so by Rule 3:22-4.

Nevertheless, we are unconvinced defendant's arguments meet any of the exceptions to Rule 3:22-4, that the jury charge constituted plain error, or that his sentence was not imposed in accordance with the law. During summation, defendant's counsel stated the following: "Mr. Pohida denies that the acts alleged ever occurred. He denies kidnapping anybody. If anything take their own testimony. We went for a short distance, short time, had no intention to harm. He denies engaging in conduct that he's accused of." During the State's summation, the prosecutor also addressed the harm element of the kidnapping charge and stated: "The third and final element to consider with respect to kidnapping is whether or not the defendant harmed the victim. Harm to the victim can be physical or emotional. In this case the harm was the sexual assault

itself and the emotional trauma that resulted from it."  In charging the jury on

first-degree kidnapping, the trial judge addressed the harm element as follows:

> A section of our statute provides that kidnapping is a crime of the first[-]degree except that it is a crime of the second[-]degree if the kidnapper releases the victim unharmed and in a safe place prior to apprehension.  In this case the State alleges that the defendant did not release the victim unharmed and in a safe place prior to apprehension.
>
> This now goes to the third element.  The burden is on the State to prove beyond a reasonable doubt that the victim was either harmed or not released in a safe place prior to the defendant's apprehension.  Unless you find that the State has carried burden you must find the defendant not guilty of kidnapping in the first[-]degree.

Relying on Casilla, defendant argues because the court failed to give a

definition of harm, it "did not give the jury the law to make proper findings on

the elements of the first-degree kidnapping."  He further asserts "the law does

not recognize 'per-se' harm."

Casilla is inapposite.  There, we reversed a defendant's conviction for

first-degree kidnapping because the trial court did not instruct the jury on the

element regarding the released unharmed portion of the charge.  362 N.J. Super.

at 566-67.  Here, the record readily demonstrates the jury was advised the State

viewed the harm perpetrated as the sexual assaults on the minor victims, which

occurred during the kidnappings, and the trial judge's charge instructed the jury

as to the State's burden to prove the harm as an element of the first-degree kidnapping offense. As noted previously, defendant did not object to the jury charge.

The harm component of the model jury charge was twice updated after defendant's trial. Initially, the charge was revised to state: "The 'harm' component can include physical, emotional or psychological harm." Model Jury Charges (Criminal), "Kidnapping (N.J.S.A. 2C:13-1(a))" (rev. Feb. 5, 2007). It currently provides as follows:

> The "harm" component can include physical, emotional or psychological harm. If the State is contending that the victim suffered emotional or psychological harm, it must prove that the victim suffered emotional or psychological harm beyond that inherent in a kidnapping. That is, it must prove that the victim suffered substantial or enduring emotional or psychological harm.
>
> [Model Jury Charge (Criminal), "Kidnapping (N.J.S.A. 2C:13-1(a))" (rev. Oct. 6, 2014).]

As Judge Nieves noted, the revisions to the charge would not have affected the outcome. The record clearly demonstrates the State did not allege emotional or psychological harm as a result of the kidnapping itself, which were the thrust of the revisions.

Finally, under point three, defendant asserts the judge did not address whether his conviction was justified under N.J.S.A. 2C:13-1(c)(2), second-degree kidnapping, and argues he "was not put on notice that he must [defend] himself against the State proving the elements in [N.J.S.A. 2C:13-1(c)(2)] to avoid a conviction for first[-]degree kidnapping." Judge Nieves rejected this argument because "the jury instructions were sufficient for [N.J.S.A. 2C:13-1](c)(1), the provision under which . . . defendant was indicted."

Defendant's argument lacks merit. R. 2:11-3(e)(2). The jury charge addressed the elements of both first- and second-degree kidnapping. Again, defendant did not object to the charge or raise this argument on direct appeal or in the PCR petition and appeal. The record readily demonstrates defendant was properly sentenced as a first-degree offender.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5525-18T1