**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4116-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

MAHADI M. ROBINSON, JR.,

     Defendant-Appellant.

_____

Submitted January 11, 2021 – Decided April 19, 2021

Before Judges Fasciale and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment Nos. 12-05-0545, 12-05-0633, and 12-07-1924.

Joseph E. Krakora, Public Defender, attorney for appellant (Howard W. Bailey, Designated Counsel, on the brief).

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Nicole Handy, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a February 28, 2019 order denying his petition for post-conviction relief (PCR). Defendant argues his plea counsel rendered ineffective assistance at the sentencing hearing by failing to adequately advocate for mitigating circumstances and by failing to respond adequately to the aggravating circumstances proposed by the prosecutor and ultimately found by the sentencing court. Judge Mark P. Tarantino entered the order denying PCR and rendered an eighteen-page written opinion. We affirm substantially for the reasons set forth in Judge Tarantino's thorough and thoughtful opinion.

I.

In 2012, a Burlington County grand jury returned three indictments against defendant for three separate crimes committed on different dates.

On January 26, 2012, defendant and two codefendants arranged to meet with an individual to purchase marijuana, though the actual plan was to rob the victim at knifepoint. Defendant ran the victim down as he attempted to flee, striking, and stabbing him multiple times.

With respect to the January 26, 2012 criminal episode, Indictment No. 12-07-1924-I charged defendant with first-degree attempted murder, N.J.S.A. 2C:5-1(a)(3) and N.J.S.A. 2C:11-3(a)(1); second-degree aggravated assault by causing serious bodily injury, N.J.S.A. 2C:12-1(b)(1); third-degree aggravated

assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); first-degree robbery, N.J.S.A. 2C:15-1; and first-degree conspiracy to commit robbery, N.J.S.A. 2C:5-1 and -2.

On January 30, 2012, defendant, along with the same two codefendants as well as a juvenile acquaintance, arranged for a taxicab pick-up so that they could rob the driver at knifepoint. When the cab driver requested payment, defendant slashed and stabbed the victim multiple times in the neck, inflicting life-threatening wounds. The victim managed to escape from the cab. Defendant and his cohorts took off with the vehicle but eventually crashed into a tree and were arrested shortly thereafter.

With respect to the January 30, 2012 criminal episode, Indictment No. 12-05-0633-I charged defendant with first-degree conspiracy, N.J.S.A. 2C:5-2(a); first-degree attempted murder, N.J.S.A. 2C:5-1(a)(3) and 11-3(a)(1); two counts of first-degree robbery, N.J.S.A. 2C:15-1(a)(1); first-degree carjacking, N.J.S.A. 2C:15-2(a)(1); third-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(d); and first-degree use of a minor to commit a criminal offense, N.J.S.A. 2C:24-9(a).

On February 17, 2012, defendant repeatedly threatened a Burlington County corrections officer while he was detained in the Burlington County jail for the earlier crimes. With respect to the February 17, 2012 criminal episode, Indictment No. 12-05-0545-I charged defendant with third-degree terroristic threats, N.J.S.A. 2C:12-3(a).

Defendant's trial counsel negotiated an agreement with the State in which defendant agreed to plead guilty to the first-degree armed robbery charged in the first indictment, the first-degree armed robbery and first-degree carjacking charged in the second indictment, and a downgraded charge of fourth-degree aggravated harassment for threatening the corrections officers. The State agreed to dismiss the remaining charges and cap defendant's aggregate sentence at twenty years in prison subject to the No Early Release Act (NERA), N.J.S.A 2C:43-7.2.

On April 22, 2013, defendant knowingly and voluntarily entered guilty pleas in accordance with the negotiated agreement. Defendant provided a factual basis for the charges to which he pled guilty, including an admission that he had used a knife on two separate occasions to inflict injury upon the two robbery victims.

A-4116-18

The court sentenced defendant on June 21, 2013. Defendant's counsel argued that defendant was intoxicated at the time of the two violent crimes.[1] Counsel also urged the court to find mitigating factor eight, N.J.S.A. 2C:44-1(b)(8) ("The defendant's conduct was the result of circumstances unlikely to recur[.]"). Counsel argued that defendant should be sentenced to a fifteen-year aggregate prison term, rather than the twenty-year aggregate term contemplated in the plea agreement, considering these asserted mitigating circumstances, and also considering defendant's age, his acceptance of responsibility, and his lack of parental supervision during the time he spent in foster care.

The sentencing court found aggravating factors one, N.J.S.A. 2C:44-1(a)(1) ("The nature and circumstances of the offense, and the role of the actor in committing the offense, including whether or not it was committed in an especially heinous, cruel, or depraved manner[.]"), three, N.J.S.A. 2C:44-1(a)(3) ("The risk that defendant will commit another offense[.]"), six, N.J.S.A. 2C:44-1(a)(6) ("The extent of the defendant's prior criminal record and the

---

[1] Defendant claims that the presentence report (PSR) indicated that defendant was under the influence of both alcohol and marijuana while committing the predicate offenses. However, the PSR was not included in defendant's appendix. The transcript of the sentencing hearing shows that defendant's plea counsel claimed that defendant informed the intake officer of his intoxication at that time, that the PSR did not in fact include this information, and that defendant wished to have the PSR amended accordingly.

seriousness of the offenses of which the defendant has been convicted[.]"), and nine, N.J.S.A. 2C:44-1(a)(9) ("The need for deterring the defendant and others from violating the law[.]"). The court found no applicable statutory mitigating factors and rejected plea counsel's arguments concerning mitigating factor eight. The sentencing court placed significant weight on aggravating factor one, noting that defendant's knife attacks,

> especially against the cab driver where his neck was cut, was particularly cruel and heinous in light of the fact that when it was all said and done, there was practically no money that was achieved from this sort of a robbery and the harm that was inflicted. While I do agree with defense counsel, no one did die, [] I do think that's just a fortunate happenstance. It was fortuitous . . . No reason that I can think of that makes any sort of sense.

The sentencing court found that the aggravating factors substantially outweighed the mitigating factors. The court concluded that the twenty-year prison sentence recommended by the State in the plea agreement was fair and in the interest of justice, and thereupon imposed that sentence.

Defendant filed a direct appeal of the sentence in August 2014, more than one year after the sentence was imposed and the judgment of conviction was entered. We dismissed that appeal as untimely filed. In April 2018, defendant filed a pro se petition for PCR. Defendant was assigned counsel who filed an

6

amended PCR petition on defendant's behalf. Judge Tarantino heard oral argument on February 11, 2019 and on February 28, 2019 entered the order and rendered the opinion under review, denying defendant's petition and his request for an evidentiary hearing.

Defendant raises the following contentions for our consideration:

> POINT I
> THE [PCR] COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM TRIAL COUNSEL.
>
> A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL, EVIDENTIARY HEARINGS, AND PETITIONS FOR [PCR].
>
> B. DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO ARGUE EFFECTIVELY AT SENTENCING.

II.

We begin our analysis by acknowledging the legal principles governing this appeal. PCR is not a substitute for direct appeal. R. 3:22-3. Rather, it serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must

establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. Ibid. The defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987). To establish a violation of the right to the effective assistance of counsel, a defendant must meet the two-part test articulated in Strickland. Fritz, 105 N.J. at 58. "First, the defendant must show that counsel's performance was deficient . . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. Reviewing courts must indulge the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Furthermore,

in determining whether defense counsel's representation was deficient, "'[j]udicial scrutiny . . . must be highly deferential,' and must avoid viewing the performance under the 'distorting effects of hindsight.'" State v. Norman, 151 N.J. 5, 37 (1997) (quoting Strickland, 466 U.S. at 689).

The second Strickland prong is especially demanding. Counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different than if counsel had not made the errors. Strickland, 466 U.S. at 694. This "is an exacting standard." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). "Prejudice is not to be presumed," but must be affirmatively proven by the defendant. Ibid. (citing Fritz, 105 N.J. at 52; Strickland, 466 U.S. at 693.).

Short of obtaining immediate relief, a defendant may show that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462–63. The PCR court should grant an evidentiary hearing only where (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. Id. at 462; R. 3:22-10(b). To meet the burden of proving a prima facie case, a defendant must

show a reasonable likelihood of success under the Strickland test. Preciose, 129 N.J. at 463.

As a general proposition, we defer to a PCR court's factual findings "when supported by adequate, substantial and credible evidence." State v. Harris, 181 N.J. 391, 415 (2004) (quoting Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)). However, when the PCR court does not hold an evidentiary hearing, we "may exercise de novo review over the factual inferences drawn from the documentary record." Id. at 421 (citing Zettlemoyer v. Fulcomer, 923 F.2d 284, 291 n.5 (3d Cir. 1991)).

III.

Because we affirm for the reasons explained in Judge Tarantino's thorough and thoughtful written opinion, we need not re-address defendant's arguments at length. We add the following comments.

Although defendant couches his argument in terms of ineffective assistance of counsel, the gravamen of his argument is that he received an excessive sentence. In State v. Acevedo, the Supreme Court held that a claim of excessive sentence is "not an appropriate ground for [PCR]." 205 N.J. 40, 47 (2011). In so holding, the Acevedo Court approved of the holding and reasoning in State v. Flores, 228 N.J. Super. 596–97 (App. Div. 1988), in which we

"concluded that allegations of improper consideration of aggravating and mitigating factors and consecutive sentencing guidelines were not cognizable claims on post-conviction relief." Ibid.

We nonetheless address defendant's arguments on the merits, as did Judge Tarantino. Judge Tarantino concluded that far from rendering ineffective assistance, defendant's plea counsel performed competently in negotiating a favorable plea agreement and in arguing, albeit unsuccessfully, for a shorter prison term than the one that had been negotiated. We agree. Judge Tarantino appropriately emphasized the "troublesome and violent" nature of defendant's predicate crimes and especially defendant's brutality in stabbing the cab driver in the neck, which, Judge Tarantino aptly noted, "by itself justifies a [twenty]-year [s]tate prison sentence." (emphasis in original). Defendant is hard-pressed to claim that plea counsel rendered constitutionally deficient assistance by obtaining dismissal of multiple charges and limiting defendant's prison exposure to the sentence he received.

With respect to the second prong of the Strickland/Fritz test, defendant contends that he would have received a lesser sentence had plea counsel fully investigated and raised all relevant sentencing factors. That is nothing more than rank speculation. Defendant has failed to demonstrate any reasonable

11

probability that he would have received a shorter prison sentence had counsel made additional arguments at allocution. Indeed, it seems clear from our review of the record that but for counsel's advocacy, defendant would likely have faced a greater sentencing exposure, including possible consecutive sentences for his separate knife attacks. In these circumstances, defendant has failed to establish a prima facie case for an evidentiary hearing, much less a basis for relief in the form of a reduced sentence.

To the extent we have not addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4116-18