**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0360-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAHMIN DAMON MUSE, a/k/a
JAMEEL HAWKINS,
JAHMIR R. MUSE,
JAY MUSER, and GERM MUSE,

    Defendant-Appellant.

_____

Submitted May 28, 2020 – Decided July 21, 2020

Before Judges Suter and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 05-03-0449.

Joseph E. Krakora, Public Defender, attorney for appellant (Richard Sparaco, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Petitioner Jahmin Muse (defendant) appeals the denial on July 25, 2018 of his third petition for post-conviction relief (PCR). For reasons that follow, we affirm.

## I.

A jury convicted defendant in 2005 of eight counts charging him with intent to distribute heroin and cocaine.[1] He was sentenced to an extended term as a persistent offender to an aggregate term of life in prison, plus fifteen years, subject to twenty-seven and one-half years without parole.

Defendant appealed in 2007. We affirmed his convictions but remanded for resentencing. State v. Muse (Muse I), No. A-3741-05 (App. Div. February

---

[1] The indictment charged: third-degree possession of cocaine (count one), N.J.S.A. 2C:35-10(a)(1); first-degree possession of cocaine with intent to distribute (count two), N.J.S.A. 2C:35-5(a)(1) & N.J.S.A. 2C:35-5(b)(1); second-degree possession of cocaine with intent to distribute within 500 feet of a public park (count three), N.J.S.A. 2C:35-7.1; third-degree possession of heroin (count four), N.J.S.A. 2C:35-10(a)(1); third-degree possession of heroin with intent to distribute (count five), N.J.S.A. 2C:35-5(a)(1) & N.J.S.A. 2C:35-5(b)(3); second-degree possession of heroin with intent to distribute within 500 feet of a public park (count six), N.J.S.A. 2C:35-7.1; third-degree distribution of heroin, (count seven), N.J.S.A. 2C:35-5(a) (1) & N.J.S.A. 2C:35-5(b)(3); and second-degree distribution of heroin within 500 feet of a public park, (count eight), N.J.S.A. 2C:35-7.1.

2

26, 2007) (slip op. at 4-10).  His petition for certification was denied.  State v. Muse, 192 N.J. 294 (2007).  Defendant was resentenced to the same term.

Defendant appealed his 2007 sentence as excessive.  We vacated the sentence as a "mistaken exercise of discretion" and remanded for resentencing.  State v. Muse (Muse III), No. A-4325-08 (App. Div. Feb. 22, 2010).  He was resentenced in 2011 to an aggregate term of fifty years incarceration with twenty-two years of parole ineligibility.

In 2013, defendant appealed his 2011 sentence, arguing that it was "manifestly excessive."  In 2015, we vacated the sentence because it was "based on an erroneous understanding of the sentencing calculus" and was "manifestly excessive, unduly punitive, and a mistaken exercise of discretion," and remanded for resentencing.  State v. Muse (Muse V), No. A-3625-11 (App. Div. May 27, 2015) (slip op. at 7).  Defendant was resentenced on September 17, 2015 to an aggregate term of forty-one years in prison with an eighteen-year period of parole ineligibility.

Defendant appealed his 2015 sentence as excessive.  The case was heard by the excessive sentence oral argument (ESOA) panel, Rule 2:9-11, and remanded for resentencing.  State v. Muse (Muse VI), No. A-0778-15 (App. Div. April 5, 2016).

A-0360-18T2

Defendant was resentenced on May 16, 2016 to an aggregate term of thirty-five years imprisonment with a fifteen-year period of parole ineligibility. Defendant appealed that sentence, but we affirmed it on October 18, 2016. State v. Muse (Muse VII), No. A-4600-15 (App. Div. Oct. 18, 2016). This is defendant's current sentence. Defendant's petition for certification was denied on March 14, 2017. State v. Muse, 229 N.J. 598 (2017).

Defendant also filed unsuccessful PCR petitions. In the first, the PCR court denied relief on August 25, 2008. He appealed, but we affirmed. See State v. Muse (Muse II), No. A-0707-08 (App. Div. July 21, 2010) (slip op. at 1). The Supreme Court denied certification. State v. Muse, 205 N.J. 78 (2011).

We affirmed denial of relief on defendant's second PCR. State v. Muse (Muse IV), No. A-3118-12 (App. Div. Oct. 14, 2014).

This appeal involves defendant's third PCR petition, filed on October 14, 2017. Defendant filed a pro se verified petition alleging ineffective assistance of trial and appeals counsel. With respect to his trial counsel, he contended she did not "argue against" his sentence under a mandatory extended term, that the State did not request an extended term or that the judge did not take judicial notice of community anxiety about him. His appeals counsel did not raise the issues defendant listed in a letter, note that defendant had more than one witness,

or argue against the extended term. His PCR counsel submitted a legal memorandum in May 2018 explaining defendant was denied effective assistance of counsel at "the re-sentence date of September 17, 2015 when he was represented by [counsel] and again on the appellate level."

On July 28, 2018, the PCR court denied defendant's third PCR petition without conducting an evidentiary hearing. In its written opinion, the court found defendant's claim that his May 16, 2016 sentence was excessive was procedurally barred by Rule 3:22-4(b), because "[t]his issue was raised on direct appeal and rejected by the Appellate Division." The PCR court also determined the claim of ineffective assistance was moot. Although defendant contended his counsel was ineffective at the September 2015 sentencing date because she did not "argue correctly on the point of his extended sentence," a new sentence was imposed in May 2016, making any argument about the proper sentence moot.

On appeal, defendant raises this issue:

> THE COURT ERRED IN DENYING AN EVIDENTIARY HEARING ON DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF.

## II.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland

v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42 (l987).  In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.

Defendant argues in his third PCR petition that his attorney provided ineffective assistance of counsel at his September 17, 2015 sentencing because she did not argue "that defendant was not being sentenced under a mandatory extended term under State v. Brimage, 153 N.J. 1 (1998)[,] and that defendant's sentence was patently illegal."  Defendant maintains "the correct ineligibility period should be [twenty-five] years and that if the court had to choose a half way point it should be [twelve] years."

The PCR court was correct to reject this argument.  Whether the attorney should have made this argument in 2015 is now moot because that sentence was vacated in 2016, and defendant was re-sentenced.  The resentence was affirmed

on appeal. Defendant cannot show he was prejudiced when the 2015 sentence was corrected.

Under Rule 3:22-4(a), any matter that could have been raised in any prior proceeding or on any appeal and was not, cannot be a ground for relief, unless it could not reasonably have been raised before, would result in a fundamental injustice, or unless "denial of relief would be contrary to a new rule of constitutional law under the Constitution of the United States or the State of New Jersey." The 2017 third PCR petition argues the same claim (excessive sentence) that we rejected on October 18, 2016. See Muse VII. This PCR petition is not a substitute for direct appeal nor a vehicle to relitigate the underlying merits. State v. Preciose, 129 N.J. 451, 459 (1992). Thus, because defendant appealed his sentence and was denied, this cannot be the basis for a new PCR petition and properly was denied.

To the extent defendant may be raising an excessive sentencing argument about the 2016 sentence, that sentence was appealed and affirmed. Nor was the sentence illegal. "[A]n illegal sentence is one that 'exceeds the maximum penalty provided in the Code for a particular offense' or a sentence 'not imposed in accordance with law.'" State v. Acevedo, 205 N.J. 40, 45 (2011) (quoting State v. Murray, 162 N.J. 240, 247 (2000)). As a persistent offender under

N.J.S.A. 2C:44-3(a), the thirty-five-year sentence was in the midrange between twenty years and life, which was consistent with N.J.S.A. 2C:43-7(a)(2), and the fifteen-year period of ineligibility was not more than half, which was consistent with N.J.S.A. 2C:43-7(b).

Defendant did not establish a prima facie case of ineffective assistance of counsel because none of the claims showed a deficiency in counsel's performance or resulting prejudice. As such, the trial court was not required to conduct an evidentiary hearing. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0360-18T2