**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4061-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RICHARD L. HIGHLANDER,
a/k/a RICK HIGHLANDER,
AL PARENT, AL PARNETT,
and AL PAROTT,

     Defendant-Appellant.

_____

Argued Telephonically September 14, 2020 –
Decided September 25, 2020

Before Judges Fasciale and Mayer.

On appeal from Superior Court of New Jersey, Law
Division, Atlantic County, Indictment No. 88-06-1443.

Louis M. Barbone argued the cause for appellant
(Jacobs & Barbone, PA, attorneys; Louis M. Barbone,
on the brief).

Debra G. Simms, Deputy Attorney General, argued the
cause for respondent (Gurbir S. Grewal, Attorney

General, attorney; Debra G. Simms, of counsel and on the brief).

PER CURIAM

Defendant appeals from a May 14, 2019 order denying his fourth petition for post-conviction relief (PCR). He argues that the PCR judge erred in denying his petition as procedurally barred because he did not previously argue issues as to the purported illegality of his sentence. He also argues that the PCR judge failed to merge his conviction for unlawful possession of a weapon, N.J.S.A. 2C:39-5(b), with his conviction for first-degree murder, N.J.S.A. 2C:11-3(a). We conclude his sentence is not illegal and the convictions do not merge, and therefore affirm.

Defendant shot and killed his ex-girlfriend as she exited a restaurant with a companion, at whom defendant also shot but did not kill. In his capital-murder trial, Indictment No. 88-06-1443, a jury found defendant guilty of first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2) (count one); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-4(a)(1) (count two); fourth-degree contempt, N.J.S.A. 2C:29-9 (count three); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count six); and second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count seven). A jury did not sentence him to death.

Judge Steven P. Perskie presided over trial and sentenced defendant on July 21, 1989.  Before sentencing defendant under Indictment No. 88-06-1443, he re-sentenced defendant on three violations of probation (VOPs) relating to three pre-existing indictments.  Under the first pre-existing indictment, No. 86-03-0590, defendant was found guilty of third-degree burglary, N.J.S.A. 2C:18-2; third-degree theft by unlawful taking, N.J.S.A. 2C:20-3; a "high misdemeanor" possession of a controlled dangerous substance, N.J.S.A. 24:21-20(a)(1); fourth-degree unlawful acquisition of a firearm, N.J.S.A 2C:39-10(a); and a disorderly persons charge of terroristic threats to harass, N.J.S.A. 2C:33-4.  For the burglary and theft charges, defendant originally received one-year probation.  On the terroristic threat charge, defendant also originally received one-year probation.  On the burglary charge, the sentencing judge revoked defendant's probation and resentenced defendant to five years' imprisonment with two and one-half years' parole ineligibility.  On the theft, drug, and weapon charges, the judge resentenced defendant to five years' imprisonment with two and one-half years' parole ineligibility, to run concurrent to the burglary sentence.  Finally, on the terroristic threat charge, the judge resentenced defendant to six months' incarceration to run concurrent to Indictment No. 86-03-0590.

A-4061-18T1

Under the second pre-existing indictment, No. 87-02-0325, defendant was found guilty of fourth-degree criminal trespass, N.J.S.A. 2C:18-3, to which he originally received five years' probation. The judge vacated defendant's sentence and resentenced him to eighteen months in prison, to run consecutive to Indictment No. 86-03-0590, but concurrent to the third pre-existing indictment, No. 87-02-0233.

As to the third pre-existing indictment, defendant was found guilty of third-degree theft, N.J.S.A. 2C:20-9, and he originally received five years' probation. Again, the judge vacated defendant's original sentence and resentenced him to five years' imprisonment with two and a one-half years' parole ineligibility, to run consecutive to Indictment No. 86-03-0590.

Related to count one of Indictment No. 88-06-1443—the murder charge—the sentencing judge sentenced defendant to a life term, with a minimum of thirty years' parole ineligibility. On count two, he sentenced defendant to ten years' imprisonment with five years' parole ineligibility, concurrent to count one. On count three, defendant received eighteen months in prison concurrent to counts one and two. As to count six, the sentencing judge gave defendant five years' imprisonment with a three-year period of parole ineligibility, to run consecutive to counts one, two, three, and seven. Finally, on count seven,

defendant received five years' imprisonment with two and one-half years' parole ineligibility, concurrent to count one.

In total, defendant received a life prison sentence with a minimum of thirty-eight years' parole ineligibility. Defendant appealed his convictions and sentences, and we affirmed. State v. Highlander, No. A-0059-89 (App. Div. Apr. 8, 1993). The Supreme Court denied certification. State v. Highlander, 134 N.J. 484 (1993).

Defendant then filed three PCR petitions, which were all denied. We upheld the denial of the first two petitions. See State v. Highlander, No. A-0726-96 (App. Div. Mar. 25, 1998); State v. Highlander, No. A-1013-99 (App. Div. Dec. 10, 2001). Defendant filed his third PCR in April 2014, in which he sought a resentence under Rule 3:21-10(b)(5), asserting his sentence for murder violated N.J.S.A. 2C:11-3(b)(1). A PCR judge denied the third petition and defendant did not appeal that order. Finally, defendant filed his fourth PCR petition on November 29, 2017, and the PCR judge—Judge Rodney Cunningham—entered the order under review.

On appeal, defendant argues:

> POINT I
>
> THE PCR [JUDGE] ERRED AS A MATTER OF LAW IN FAILING TO DISTINGUISH DEFENDANT'S DIRECT APPEAL CHALLENGE OF AN

EXCESSIVE SENTENCE FROM HIS CLAIM ON PCR OF AN ILLEGAL SENTENCE, UNAUTHORIZED BY THE SENTENCING CODE, AND DID THEREBY ERRONEOUSLY FIND THAT RELIEF WAS PROCEDURALLY BARRED.

POINT II

THE [SENTENCING JUDGE'S] SENTENCE ON THE CHARGE OF MURDER, EXPRESSLY ORDERING THAT . . . DEFENDANT SERVE THE "REMAINDER OF HIS LIFE" IN STATE PRISON WAS ILLEGAL AS A MATTER OF LAW.

POINT III

THE ADDITIONAL AND CONSECUTIVE FIVE YEARS OF PAROLE INELIGIBILITY IMPOSED FOR VIOLATIONS OF THE THREE PRIOR PROBATIONARY SENTENCES WAS ILLEGAL, AS UNAUTHORIZED BY OUR SENTENCING CODE, AND MUST BE VACATED – EVEN IF THE CORRECTION IN THE INTEREST[S] OF JUSTICE IS THIRTY YEARS LATE.

POINT IV

ALTERNATIVELY AND INDEPENDENTLY, THE 1989 SENTENCE WAS "UNAUTHORIZED" AS IT WAS CONSTITUTIONALLY IMPERMISSIBLE FOR THE [SENTENCING] JUDGE TO IMPOSE CONSECUTIVE SENTENCES AND PAROLE INELIGIBILITY TERMS FOR THE DECLARED PURPOSE OF SETTING CONDITIONS USURPING THE PAROLE BOARD FUNCTION AND ASSURING THAT . . . DEFENDANT WOULD DIE IN STATE PRISON.

POINT V

THE [SENTENCING JUDGE'S] SENTENCE WAS
ILLEGAL BECAUSE MERGER OF COUNTS [TWO]
AND [SEVEN] WAS REQUIRED AS A MATTER OF
LAW.

I.

We review a PCR judge's legal conclusions de novo. State v. Harris, 181

N.J. 391, 421 (2004). Pertinent to this appeal, one ground for PCR is an illegal

sentence. R. 3:22-2(c). An illegal sentence cognizable on PCR is one that

"exceeds the maximum penalty provided in [the New Jersey Code of Criminal

Justice, N.J.S.A. 2C:1-1 to N.J.S.A. 2C:104-9] for a particular offense" or is

"not imposed in accordance with law." State v. Acevedo, 205 N.J. 40, 45 (2011)

(quoting State v. Murray, 162 N.J. 240, 247 (2000)); see also R. 3:22-2(c)

(explaining an illegal sentence is one "in excess of or otherwise not in

accordance with the sentence authorized by law").

A.

We reject defendant's arguments that the PCR judge erred by procedurally

barring his contention that the sentencing judge went "beyond the authority of

the sentencing code by expressly declaring and utilizing the facts learned in the

course of the murder trial as a basis to reevaluate and enhance the previously

found aggravating factors on the pre-existing third[-] and fourth[-]degree convictions imposed years earlier," and that his sentence was illegal because he received a term for the "remainder of his life."

Our court rules and precedent are clear. <u>Rule</u> 3:22-4(b) outlines subsequent PCRs, which should be dismissed unless:

> (1) it is timely under <u>R</u>[ule] 3:22-12(a)(2); and
>
> (2)  it alleges on its face either:
>
>> (A)  that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition . . . that was unavailable during the pendency of any prior proceedings; or
>>
>> (B)  that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>>
>> (C)  that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for [PCR].

Moreover, <u>Rule</u> 3:22-5 states:  "A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or

prior to the adoption thereof, or in any appeal taken from such proceedings." PCR is not an opportunity to relitigate matters already decided on the merits. See ibid. "Preclusion of consideration of an argument presented in [PCR] proceedings should be effected only if the issue raised is identical or substantially equivalent to that adjudicated previously[.]" State v. Marshall, 173 N.J. 343, 351 (2002) (quoting State v. Marshall, 148 N.J. 89, 150 (1997)).

As to defendant's argument that his sentence was illegal because the sentencing judge used the VOPs to give a greater term of parole ineligibility, defendant already argued this issue on direct appeal. In 1993, defendant submitted six points for our consideration, and the sixth point stated: "The [sentencing] judge's determination to impose parole disqualifiers on defendant's [VOPs] and to order those sentences be served consecutively was improper under the guidelines of State v. Baylass[, 114 N.J. 169 (1989)], and State v. Yarbough[, 100 N.J. 627 (1985)]." Although worded differently, defendant now presents the same argument, thus it is procedurally barred.

As to defendant's argument that his sentence is illegal because the sentencing judge gave him a life sentence, defendant already argued this issue on his third PCR that he filed in 2014. In his brief in support of his PCR, defendant argued his sentence was illegal because it did not comply with N.J.S.A. 2C:11-3(b)(1)—the murder statute. He argued the sentencing judge

should have sentenced him to a specific number of years rather than a life sentence, and the PCR judge rejected this argument. Not only did defendant fail to appeal this decision, but he now makes the exact same argument. Therefore, his contentions are procedurally barred.

B.

Defendant maintains his sentence is illegal because the sentencing judge's "enhancement of the original aggravating factors was based exclusively on . . . defendant's 'present state' . . . [and] a complete product of what the [sentencing judge] had heard in the course of . . . defendant's murder trial[.]" He asserts that the sentencing judge used his murder conviction as an aggravating factor for re-sentencing on the VOPs. The PCR judge rejected defendant's argument because such a claim "is not a cognizable claim to be brought by way of [PCR]."

We agree with the PCR judge. Our Supreme Court reiterated that "allegations of improper consideration of aggravating and mitigating factors and consecutive sentencing guidelines [are] not cognizable claims on [PCR]." Acevedo, 205 N.J. at 47. Furthermore, defendant's argument—that the sentencing judge should not have taken the VOPs into account for sentencing under Indictment No. 88-06-1443—is a rephrased version of his first argument. This argument is "substantially equivalent" to defendant's first claim on this

appeal—which we concluded is procedurally barred. See Marshall, 173 N.J. at 351.

C.

Defendant contends the sentencing judge fashioned a sentence where he would die in prison, thus taking away the parole board's ability to determine parole, stating "[t]he [sentencing judge] utilized an illegal mechanism, namely an additional five years of parole ineligibility on two VOP re[-]sentencings to control and condition what would have been a constitutionally mandated independent analysis of the parole board after [thirty-three] years."

We conclude that this argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We add the following two points. First, this argument is "substantially equivalent" to the arguments already addressed—that his conviction is illegal because the sentencing judge used the VOPs to add more time in parole ineligibility—which is procedurally barred. See Marshall, 173 N.J. at 351. Second, there is no evidence in the record relating to parole, the parole board, nor evidence showing the sentencing judge usurped the parole board's power.

II.

Finally, defendant argues his sentence is illegal because "there was no legal or factual basis to sentence [him] on [c]ounts [two] and [seven] independently from [c]ount [one]." The PCR judge merged count two—unlawful possession of a weapon under N.J.S.A. 2C:39-4(a)(1)—with defendant's first-degree murder conviction under N.J.S.A. 2C:11-3(a), (b). However, the PCR judge did not merge count seven—unlawful possession of a weapon under N.J.S.A. 2C:39-5(b) with his murder conviction, stating: "It was appropriate for it not to be merged back in 1989, as it called for really a different element in determining that one specific count."

"Merger stems from the well-settled principle that '"an accused [who] has committed only one offense . . . cannot be punished as if for two."'" State v. Cole, 120 N.J. 321, 325-26 (1990) (alterations in original) (quoting State v. Miller, 108 N.J. 112, 116 (1987)). Merger provides that a defendant will avoid "double punishment for a single wrongdoing." State v. Diaz, 144 N.J. 628, 637 (1996).

In Diaz, our Supreme Court summarized the analysis to determine merger issues,

> [which entails,] among other things, the time and place
> of each purported violation; whether the proof
> submitted as to one count of the indictment would be a

necessary ingredient to a conviction under another count; whether one act was an integral part of a larger scheme or episode; the intent of the accused; and the consequences of the criminal standards transgressed.

[Id. at 638 (quoting State v. Davis, 68 N.J. 69, 81 (1975)).]

"N.J.S.A. 2C:1-8(d) calls for merger when one offense is established by proof of the same or less than all of the facts required to establish the commission of another offense charged[.]" State v. Mirault, 92 N.J. 492, 502 n.10 (1983). We follow a "flexible approach . . . that requires . . . focus[ing] on the elements of the crimes and the Legislature's intent in creating them, and on the specific facts of each case." State v. Brown, 138 N.J. 481, 561 (1994) (internal quotation marks omitted) (quoting Cole, 120 N.J. at 327). "The cases not requiring merger have had clear statutory differences illustrating legislative intent to fractionalize a course of conduct." State v. Tate, 216 N.J. 300, 312 (2013). We must determine whether the two offenses are the same, requiring merger, or whether "each [offense] requires proof of an additional fact[,] which the other does not[,]" making merger inapplicable. State v. Dillihay, 127 N.J. 42, 48 (1992) (first alteration in original) (quoting Blockburger v. United States, 284 U.S. 299, 304 (1932)).

Our Supreme Court has held that possession of a handgun under N.J.S.A. 2C:39-5(b) does not merge into possession of a handgun for an unlawful purpose

under N.J.S.A. 2C:39-4(a). State v. O'Neill, 193 N.J. 148, 163 n.8 (2007). Likewise, "[b]ecause the gravamen of unlawful possession of a handgun is possessing it without a permit, it does not merge with a conviction for a substantive offense committed with the weapon." State v. DeLuca, 325 N.J. Super. 376, 392-93 (App. Div. 1999), aff'd o.b., modified on other grounds, 168 N.J. 626, 631 (2001).

At the time of defendant's conviction, the elements of first-degree murder were, and continue to be, that a defendant either purposely or knowingly causes the death of another person. See State v. Gerald, 113 N.J. 40, 80-82 (1988); see also N.J.S.A. 2C:11-3(a)(1), (2). Whereas N.J.S.A. 2C:39-5(b) required, and continues to require, a defendant possess a firearm without a permit. See State v. Vick, 117 N.J. 288, 293-94 (1989) (Clifford, J., dissenting); O'Neill, 193 N.J. at 163 n.8. It is clear that unlawful possession of a weapon under N.J.S.A. 2C:39-5(b) and first-degree murder have completely different elements. Carrying a weapon without a permit is not a lesser-included offense of first-degree murder. Thus, merger of count seven into count one is inapplicable.

To the extent we have not addressed defendant's arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4061-18T1

14