**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0227-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KARON ADAMS, a/k/a
KARON RASHEED LIGHTFOOT
ADAMS, KARON LIGHTFOOT
ADAMS, KARON R. LIGHTFOOT,
KARON A. LIGHTFOOT, FORTY
ADAMS, KARON L. ADAMS,
KARON R. ADAMS,
KARONLIGHTFOOT ADAMS,
KARON ADAMSLIGHTFOOT,
FORTY LIGHTFOOT, and
KARON LIGHTFOOT,

    Defendant-Appellant.

_____

Submitted October 18, 2023 – Decided January 19, 2024

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-03-0573.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank J. Pugliese, Designated Counsel, on the brief).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Karon Adams appeals from an order denying his post-conviction relief (PCR) petition without an evidentiary hearing. He argues the PCR court erred by rejecting his claim that trial counsel was ineffective by failing to argue defendant's relative age—twenty-three when he committed the offenses to which he pleaded guilty—and difficult upbringing should have been considered by the trial court in mitigation of his sentence. Unpersuaded by defendant's arguments, we affirm.

I.

A grand jury returned an indictment charging defendant with second-degree conspiracy to commit kidnapping, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:13-1(b)(1); first-degree kidnapping, N.J.S.A. 2C:13-1(b)(1); first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3(a)(1) and (2); first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); second-degree unlawful possession of a

2

handgun, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a).

Defendant later pleaded guilty pursuant to a negotiated plea agreement with the State. Under the agreement, defendant pleaded guilty to an amended charge of first-degree aggravated manslaughter, first-degree kidnapping, first-degree conspiracy to commit murder, and second-degree unlawful possession of a handgun. The State agreed to recommend dismissal of the remaining charges and that the court impose an aggregate sentence not to exceed twenty-years subject to the requirements of the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

At the plea proceeding, defendant testified that he and three of his co-defendants traveled by car from Newark to Jersey City and kidnapped the victim by forcibly placing her in the trunk of their vehicle for the purpose of transporting her to Newark where she would be "badly hurt or killed." After defendant and his cohorts transported the victim to Newark, she was taken out of the trunk and brought into an abandoned house by one of the co-defendants for the purpose of "shoot[ing] her dead." Defendant testified he knew one of the co-defendants had a gun and was going "to shoot [the victim] dead."

Defendant admitted he stood outside the house as a "lookout" "to make sure that no police or anyone else came by while" the co-defendant was in the house with the victim. Defendant testified his participation in the kidnapping and murder was "all part of an agreement [he] had made" with the co-defendants. Defendant admitted he had the ability to exercise control over the handgun the co-defendant used to shoot the victim and that he exercised constructive possession of the handgun. Defendant also testified that as he stood outside the house, he heard gunshots from within it.

The court accepted defendant's plea and later sentenced defendant in accordance with the plea agreement. At sentencing, the court noted defendant was then twenty-eight years old, of good mental health, and had admitted to prior drug use. The court noted defendant's membership in the Pirus sect of the Bloods gang, his two adjudications and one deferred disposition as a juvenile, and his seventeen disorderly persons convictions as an adult.

The sentencing court found aggravating factors: three, the risk defendant will commit another offense, N.J.S.A. 2C:44-1(a)(3); five, there is a substantial likelihood defendant is involved in organized criminal activity, N.J.S.A. 2C:44-1(a)(5); six, the extent of defendant's prior criminal record and the seriousness of the offenses for which he had been convicted, N.J.S.A. 2C:44-1(a)(6); and

A-0227-22

nine, the need to deter defendant and others from violating the law, N.J.S.A. 2C:44-1(a)(9). The court did not list any mitigating factors on the judgment of conviction.

The court imposed an aggregate sentence of twenty years subject to the requirements of NERA.[1] We affirmed defendant's aggregate sentence on his direct appeal, State v. Adams, No. A-3302-17 (App. Div. Dec. 3, 2018), but remanded for entry of an amended judgment of conviction merging defendant's conviction for conspiracy to commit murder with his conviction on the amended charge of aggravated manslaughter.

The court later entered an amended judgment of conviction reflecting the merger, but it did not alter or modify defendant's aggregate twenty-year sentence. The Supreme Court denied defendant's petition for certification from our affirmance of his sentence. State v. Adams, 238 N.J. 43 (2019).

Defendant filed a timely pro se PCR petition, claiming the trial court erred by failing to consider "mitigating factors during sentencing" and trial counsel was ineffective by failing to "argue these mitigating factors." In a brief

---

[1] The court imposed concurrent twenty-year sentences on the first-degree kidnapping, conspiracy to commit murder, and aggravated manslaughter offenses.

submitted by his PCR counsel, defendant made the following arguments in support of his petition:

POINT I

THE SENTENCE IMPOSED BY THE TRIAL COURT WAS IMPROPER, ILLEGAL, OR OTHERWISE UNCONSTITUTIONAL.

POINT II

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.

POINT III

THE CUMULATIVE EFFECT OF THE ERRORS COMPLAINED OF RENDERED THE TRIAL UNFAIR.

POINT IV

DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

POINT V

AN EVIDENTIARY HEARING IS REQUIRED WITH REGARD TO THE ALLEGATIONS OF DEFENDANT'S PETITION FOR [PCR].

6

[] DEFENDANT'S MOTION FOR [PCR] SHOULD NOT BE BARRED BY PROCEDURAL CONSIDERATION[].

Following argument on the petition, the court issued an opinion from the bench. The court explained that the kidnapping was captured on a video recording. The sentencing court described the video in detail, explaining it showed the victim was "taken from in front of her friend's house in Jersey City, manhandled across the sidewalk at gunpoint, stuck in the trunk of a car at gunpoint, [and] hit over the head as she entered it." The sentencing court further noted the video showed defendant "fetch[] the gun" that a co-defendant placed to the victim's head during the kidnapping, and that after the victim was placed in the trunk of the car and driven to Newark, she was "executed"—"shot five times"—"as discipline for her violation of gang rules." The sentencing court further detailed defendant's testimony during the plea proceeding describing his participation in the kidnapping and execution.

The PCR court, which also presided over defendant's sentencing, explained that it had considered mitigating factor twelve, the willingness of defendant to cooperate with law enforcement authorities, N.J.S.A. 2C:44-1(b)(12) at sentencing, but did not list it on defendant's judgment of conviction

7

based on a concern it would have "adverse collateral consequences" for him while incarcerated.[2] The court further noted it had considered the non-statutory mitigating factor of defendant's age at the time it imposed sentence, but acknowledged the "factor was not mentioned" and it "did not make a specific ruling" as to the factor.

The court further explained that had defendant's trial counsel argued the non-statutory factor of defendant's relative youth at sentencing, it would have rejected the contention due to defendant's juvenile record, the numerous disorderly persons convictions defendant had as an adult, and defendant's "gang affiliation . . . which was intimately affiliated with the motive for the crime[s]" for which he was sentenced. The court further noted it was aware of "the cognitive science about the . . . development of the [human] brain," but that defendant's crimes were "not . . . act[s] of an impetuous . . . youthful folly" and instead constituted "an orchestrated kidnapping and execution."

The PCR court also noted appellate counsel on defendant's direct appeal argued the sentencing court "didn't properly account for" defendant's youth. The PCR court further explained we had rejected defendant's argument, affirmed his

---

[2] The PCR court explained that it would amend the JOC to reflect its finding of mitigating factor twelve in its prior determination of defendant's sentence.

sentence, and concluded "the sentence was not manifestly excessive or unduly punitive and does not constitute an abuse of discretion."

The PCR court concluded defendant's argument trial counsel was ineffective by failing to argue at sentencing that the court should find the non-statutory mitigating factor of defendant's relative youth was barred under Rule 3:22-5. The Rule provides that "[a] prior adjudication upon the merits of any ground for relief" in a PCR petition "is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to [Rule 3:22] or prior to the adoption thereof, or in any appeal taken from such proceedings." R. 3:22-5. The PCR court determined defendant's claim the court erred by failing to consider his relative youth at sentencing had been addressed and rejected by this court on defendant's direct appeal and, therefore, the claim could not properly support a PCR petition under Rule 3:22-5.

The PCR court also considered the merits of defendant's argument that his sentence was illegal because the trial court had purportedly failed to properly find and weigh the aggravating and mitigating factors. The court rejected the contention, finding a court's failure to correctly find and weigh the statutory factors in its imposition of sentence does not result in an illegal sentence. See

State v. Acevedo, 205 N.J. 40, 47 (2011) (explaining an "allegation[] of improper consideration of aggravating and mitigating factors" does not support a cognizable illegal-sentence claim in a PCR petition).

The PCR court also addressed defendant's claim trial counsel was ineffective by failing to argue at sentencing the court should find the non-statutory mitigating factor of defendant's relative youth. The court analyzed the claim under the two-pronged standard established in Strickland v. Washington, 466 U.S. 668, 686 (1984), and adopted as applicable under the New Jersey Constitution by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), for assessing an ineffective assistance of counsel claim. The court determined defendant failed to sustain his burden under the standard and rejected the claim.

The court entered an order denying defendant's PCR petition without an evidentiary hearing. This appeal followed.

On appeal, defendant presents the following arguments:

> POINT I
>
> DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING AS HE ESTABLISHED A PRIMA FACIE CASE THAT SENTENCING COUNSEL'S FAILURE TO ADDRESS DEFENDANT'S RELATIVE YOUTH AT THE TIME HE COMMITTED THE INSTANT OFFENSES AS A NON-STATUTORY MITIGATING FACTOR CONSTITUTES INEFFECTIVE ASSISTANCE OF SENTENCING COUNSEL.

POINT II

DEFENDANT'S PETITION FOR [PCR] SHOULD NOT BE BARRED BY PROCEDURAL CONSIDERATIONS.

## II.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Id. at 420. Where an evidentiary hearing has not been held, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421 (emphasis in original). We apply these standards here.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee that a defendant in a criminal proceeding has the right to the assistance of counsel in his or her defense. The right to counsel includes "the right to the effective assistance of counsel." State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland, 466 U.S. at 686).

In Strickland, the Court established a two-part test as the standard to determine whether a defendant has been deprived of the effective assistance of counsel. Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 58. Under the

11

first prong of the Strickland standard, a petitioner must show counsel's performance was deficient. Ibid. A petitioner must demonstrate counsel's handling of the matter "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88. Under the standard's second prong, a defendant must "affirmatively prove" "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." State v. Gideon, 244 N.J. 538, 551 (2021) (quoting Strickland, 466 U.S. at 694).

"With respect to both prongs of the Strickland test, a defendant asserting ineffective assistance of counsel on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence." State v. Gaitan, 209 N.J. 339, 350 (2012) (citing State v. Echols, 199 N.J. 344, 357 (2009); State v. Goodwin, 173 N.J. 583, 593 (2002)). A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition. Strickland, 466 U.S. at 700; Nash, 212 N.J. at 542; Fritz, 105 N.J. at 52.

Defendant committed the crimes for which he was convicted when he was twenty-three years old, and he was sentenced in 2014 when he was twenty-six. At the time of sentencing, the Legislature had not yet enacted mitigating factor

fourteen, which requires that a sentencing court consider that a defendant was under the age of twenty-six at the time of the commission of the offenses for which sentence shall be imposed. N.J.S.A. 2C:44-1(b)(14).[3] Thus, there was no statutory mitigating factor based on defendant's relative youth that could have been properly argued by trial counsel at defendant's 2014 sentencing.

Prior to defendant's 2014 sentencing, the Supreme Court had explained that a "defendant's relative youth ordinarily would inure to his [or her] benefit" in the determination of an appropriate sentence. State v. Dunbar, 108 N.J. 80, 95 (1987); see also State v. Pindale, 249 N.J. Super. 266, 289 (App. Div. 1991) (explaining youth was "not one of the delineated statutory mitigating circumstances," but noting the sentencing court's failure to give "consideration to [the] defendant's youth"); State v. Tanksley, 245 N.J. Super. 390, 397 (App. Div. 1991) (quoting Dunbar, 108 N.J. at 95) (remanding for resentencing a seventeen-year-old defendant on an aggravated manslaughter conviction and noting the defendant's relative youth should "inure to his benefit" at resentencing). As such, when the court imposed defendant's sentence, there was

---

[3]  In 2020, the legislature amended N.J.S.A. 2C:44-1(b) to add statutory mitigating factor fourteen—"[t]he defendant was under [twenty-six] years of age at the time of the commission of the offense." L. 2020, c. 110, § 1 (eff. Oct. 19, 2020). In State v. Lane, 251 N.J. 84, 87 (2022), the Court held mitigating factor fourteen applies only to sentences imposed on or after the date of its enactment.

well-established precedent supporting an argument that his relative youth should "inure to his benefit" in the sentencing calculus. Dunbar, 108 N.J. at 95; see also State v. Rivera, 249 N.J. 285, 301 (2021) (summarizing precedent establishing "the importance of considering youth in making sentencing decisions").

Defendant correctly notes trial counsel did not argue at sentencing that defendant's relative youth should be considered by the court in mitigation of his sentence. He claims trial counsel was ineffective by failing to urge the court to consider his relative youth at sentencing and the PCR court erred by finding he had not satisfied his burden under the Strickland standard based on counsel's error.

"Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced, and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." Gaitan, 209 N.J. at 350 (citation omitted). Here, based on our review of the record, we are convinced the court correctly denied defendant's PCR petition because he did not satisfy the "second, and far more difficult prong of the" Strickland standard, Gideon, 244 N.J. at 550; that is, defendant failed to

affirmatively demonstrate there is a reasonable probability that but for counsel's alleged error, the result of his sentencing proceeding would have been different, id. at 550-51; see also Strickland, 466 U.S. at 694.

As the PCR court—which, as noted was also the sentencing court—explained, even if trial counsel had argued defendant's relative youth in mitigation of sentence, that non-statutory mitigating factor would not have changed the sentence imposed. The court explained that defendant's prior juvenile and adult criminal history, his participation in organized criminal activity, the premediated kidnapping and execution of the victim, the need to deter defendant and others from violating the law, and the risk defendant would commit another offense so outweighed any reasonable reliance on defendant's relative youth as a non-statutory mitigating factor that there is no probability defendant's sentence would have been different if his counsel had argued his relative youth should also be considered as a factor in sentencing. More importantly, however, defendant made and makes no affirmative showing that had his counsel argued his relative youth in mitigation of his sentence, there is a reasonable probability the outcome of his sentencing proceeding would have been different. Strickland, 466 U.S. at 694; Gideon, 244 N.J. at 550-51.

A-0227-22

Additionally, the court was aware of defendant's age at the time he committed the very serious offenses for which he was convicted. The court noted defendant's age—twenty-six—at the time of sentencing, knew that the crimes were committed three years earlier, and therefore was fully aware of defendant's age—twenty-three—when he committed the offenses. And, on defendant's direct appeal, we rejected defendant's claim the sentencing court erred by failing to consider his relative youth as a non-statutory mitigating factor, concluding his sentence was not unfair, excessive, or an abuse of discretion. Stated differently, we determined that based on the other circumstances presented by defendant at sentencing, the court's failure to consider defendant's relative youth was of no moment.

Thus, on the record presented, defendant failed to sustain his burden of demonstrating prejudice under Strickland's second prong and, for that reason alone, his PCR claim his counsel was ineffective at sentencing fails. Strickland, 466 U.S. at 700; Gaitan, 209 N.J. at 350.

Because we are convinced defendant failed to sustain his burden under Strickland's second prong, it is unnecessary to address his claim trial counsel's performance was deficient under Strickland's first prong by failing to argue defendant's relative youth should be considered as a non-statutory mitigating

A-0227-22

factor at sentencing. See Strickland, 466 U.S. at 700 (explaining a failure to satisfy either prong of the standard requires the denial of a PCR petition); Nash, 212 N.J. at 543 (explaining a defendant must satisfy both prongs of the Strickland standard to obtain PCR on an ineffective assistance of counsel claim). We note only that in State v. Hess, the Court held that a failure to "present mitigating evidence or argue for mitigating factors" at sentencing constitutes deficient performance under Strickland's first prong where "the sentencing court was deprived of information and arguments that might well have led it to impose a lesser term," 207 N.J. 123, 154 (2011). For the reasons we have explained, defendant has not made that showing here.

In sum, defendant failed to sustain his burden of establishing a prima facie case of ineffective assistance of counsel under the Strickland standard.[4] We therefore affirm the court's order denying his PCR petition and find it

---

[4] Defendant challenges only the PCR court's determinations that he failed to sustain his burden of establishing a prima facie claim his trial counsel provided ineffective assistance at sentencing and that the claim is also barred under Rule 3:22-5. Defendant does not argue on appeal the PCR court erred by rejecting any of the other arguments he presented in support of his petition. We therefore deem those arguments abandoned. See Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining an issue not briefed on appeal is deemed abandoned); see also Thomas Makuch, LLC v. Twp. of Jackson, 476 N.J. Super. 169, 183 (App. Div. 2023) (finding an issue not briefed on appeal is deemed waived).

unnecessary to address or decide defendant's additional claim that the court erred by finding his ineffective assistance of counsel claim is barred under Rule 3:22-5.

To the extent we have not expressly addressed any arguments addressed to defendant's ineffective assistance of counsel claim based on trial counsel's representation at sentencing, we find the arguments without sufficient merit to warrant further discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0227-22