**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0333-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PATRICK MULDROW, a/k/a
PATRICK R. MULDROW,
PATRICK R. MUDROW,
PM, and PAT MO,

     Defendant-Appellant.

_____

Submitted September 9, 2024 – Decided October 24, 2024

Before Judges Gooden Brown and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 05-10-1506 and 08-04-0637.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel, on the briefs).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief

Appellate Attorney, of counsel; Shiraz Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Patrick Muldrow appeals from two August 3, 2022 orders denying his second petition for post-conviction relief (PCR) and his motion for PCR discovery. Based on our review of the record and prevailing law, we affirm both orders.

I.

The relevant facts and procedural history were previously detailed in our decision on defendant's first PCR appeal, State v. Muldrow, (Muldrow PCR I) No. A-1879-18 (App. Div. Mar. 3, 2021). We briefly summarize only the most salient facts material to our determination of the appeal before us.

In April 2008, defendant was indicted on multiple drug and weapons charges resulting in part from criminal activity observed during an Ocean County Prosecutor's Office (OCPO) investigation involving information received from a confidential informant (CI) asserting a man known as "Pat Mo" was distributing cocaine and guns. The CI told the OCPO he had purchased controlled dangerous substances (CDS) from Pat Mo at a property on Clearstream Road in Jackson (the Clearstream property) in the past. The CI believed Pat Mo only stayed there on occasion and the house was a "stash

2

residence" for drugs and weapons. Pat Mo lived at a house on MLK Drive in Lakewood (the MLK property).

A surveillance team observed a controlled buy between the CI and Pat Mo at the MLK property. Defendant was identified as fitting the description of Pat Mo provided by the CI. The CI then let the officers know defendant was going to make a trip to Georgia soon to purchase guns and advised the officers that defendant hides guns and cocaine in abandoned vehicles on his property. Further surveillance of the Clearstream property observed defendant arriving at the property and going in and out of the house and the camper trailer back to a vehicle carrying a cardboard box.

About two weeks later, the CI called defendant in the presence of an OCPO detective and, during the phone call, defendant told the CI he was going to Georgia and would have "the other stuff." After search warrants were issued by Judge Wendel E. Daniels for the Clearstream and MLK properties, the residence and vehicles located on the Clearstream property were searched, yielding multiple long guns and shotguns. Officers also found 518 grams of crack and powder cocaine along with 1,516 grams of marijuana in the camper, and an additional 62 grams of cocaine and 160 grams of marijuana inside the residence.

3

Defendant filed a motion to suppress the drugs and firearms seized from the Clearstream property. On February 27, 2009, Judge Daniels denied the motion to suppress, finding there was probable cause for the issuance of the search warrants under the totality of the circumstances.

Defendant was ultimately convicted by a jury and sentenced to an aggregate term of forty-years of incarceration with a twenty-year period of parole ineligibility. We affirmed defendant's conviction and sentence on Indictment No. 08-04-0637 on direct appeal. State v. Muldrow, No. A-0860-10 (App. Div. Apr. 2, 2013). The Supreme Court denied certification. State v. Muldrow, 216 N.J. 8 (2013). We also affirmed defendant's conviction and sentence on Indictment 05-10-1506 in an unreported opinion but remanded to the Law Division to amend the judgment of conviction to add an additional 833 days of jail credits. State v. Muldrow, No. A-5674-11 (App. Div. Oct. 10, 2014) (slip op. at 6).

Defendant filed PCR petitions as to Indictments 05-10-1506 and 08-04-0637 (collectively referred to as the first PCR petition), arguing trial counsel provided ineffective assistance by failing to file a Franks[1] application with the

---

[1] A Franks hearing is required when a defendant "makes a substantial preliminary showing that a false statement knowingly and intentionally, or with

trial court. Defendant contended the search warrant for the Clearstream property lacked probable cause since "[t]he reasons given by Investigator Fox . . . all centered on the information given by the [CI]," who authored a supplemental affidavit during the week of December 31, 2007 asserting he previously submitted false information. Defendant also argued in the first PCR petition that Judge Daniels should have recused himself because of the alleged proximity of his own house to the Clearstream property and because the judge was allegedly a prosecutor in one of defendant's criminal cases.

Defendant's first PCR petition was denied as procedurally barred since the substantive issues were addressed on defendant's direct appeal. The petition was also denied on the merits since defendant did not establish a prima facie case of ineffective assistance of counsel under the Strickland/Fritz standard. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 57 (1987).

We affirmed the denial of defendant's first PCR petition since we had previously addressed the substantive issues on direct appeal. Muldrow PCR I. We also affirmed the first PCR court's determination that defendant did not establish his trial counsel was ineffective for failing to move for a Franks

---

reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Franks v. Delaware, 438, U.S. 154, 155-56 (1978).

hearing as there was no proof of the required element of "intentional wrongdoing by law enforcement agents." Ibid. Our decision on appeal also concluded there was no evidence of any bias or conflict of interest on the part of the judge who authorized the search warrants, which were found to be lawful. Id. at 18. The Supreme Court denied certification. State v. Muldrow, 246 N.J. 583 (2021).

On September 19, 2019, defendant filed a second PCR petition alleging his trial counsel was ineffective for failing to make further arguments regarding the identity of the CI, failing to pursue a due process entrapment defense, and failing to argue the location of the surveillance was discoverable. Defendant also submitted his sentence was excessive compared to his co-defendant's, and asserted he was entitled to an evidentiary hearing.

On July 6, 2022, defendant filed a motion to compel PCR discovery seeking an order compelling the OCPO to provide defendant with: 1) all documentation in the possession of the OCPO related to Judge Wendel Daniels's alleged participation in two bail hearings concerning defendant in 1995; 2) the reasons, if any, on the record by the court, explaining why initial trial counsel was relieved as counsel for defendant; 3) production of any OCPO records indicating the reason for the relieving of defendant's prior counsel; and 4) production of the reasons for Judge Daniels's recusal in 2009 from defendant's

6

case after deciding the motion to suppress at issue in defendant's petition for PCR, either stated on the record or stored in the files held by OCPO.

In a forty-page written decision, the court denied the second PCR petition as procedurally barred since most of the issues presented had been previously adjudicated or did not comport with Rule 3:22-10(c) ("Any factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing."). The second PCR court also substantively reviewed the new arguments in the second petition and held defendant's counsel was not ineffective under the Strickland/Fritz standard, finding the entrapment defense was inapplicable to the controlled buy with the CI since defendant was not charged with any resulting offense. Defendant's arguments that counsel was ineffective as the result of failing to ascertain the surveillance location were rejected under prevailing law since the second PCR court found that the jury did not hear any testimony on this issue and considered only the evidence recovered from the search. Finally, the second PCR court rejected defendant's argument that his sentence was excessive when compared

to the co-defendant's as precluded under <u>Rule</u> 3:22-2 and <u>State v. Acevedo</u>, 205 N.J. 40, 47 (2011).[2]

After defendant's motion for PCR discovery was fully briefed and the trial court considered the oral arguments, the court entered an August 3, 2022 order denying the motion in a sixteen-page written decision. Relying on prevailing case law, the trial court concluded there is no right to discovery on a PCR petition and defendant did not establish good cause sufficient to warrant discretionary relief.

Defendant raises the following arguments for our consideration on appeal:

> POINT I
>
> AS DEFENDANT HAD SHOWN THAT HE HAD RECEIVED INEFFECTIVE . . . ASSISTANCE OF PCR AND TRIAL COUNSEL AND THAT HE HAD BEEN PREJUDICED THEREBY, THE PCR COURT ERRED BY DENYING HIS SECOND PCR PETITION WITHOUT AN EVIDENTIARY HEARING.
>
> POINT II
>
> AS DEFENDANT HAD A COMPELLING REASON FOR PCR DISCOVERY, THE SECOND PCR COURT

---

[2] Defendant does not appeal the second PCR court's determinations that defendant's arguments as to his sentence and ineffective assistance of counsel for failing to raise the entrapment defense and to ascertain the surveillance location lack merit.

ERRED WHEN IT DENIED HIS MOTION TO COMPEL DISCOVERY.

Defendant asserts we should exercise original jurisdiction to revisit the arguments made in his first PCR petition, despite the procedural bar. Defendant also argues the second PCR court erred when it denied his motion to compel discovery, contending he provided sufficient evidence to prove Judge Daniels was involved in his prior criminal case while he was a prosecutor and, therefore, defendant should be granted discovery.

## II.

We affirm the August 3, 2022 order denying defendant's motion for discovery he asserts is relevant to his second PCR petition. We review this order for abuse of discretion. State v. Herrerra, 211 N.J. 308, 328 (2012). Finding no such abuse, we affirm substantially for the reasons set forth by the second PCR court in a comprehensive sixteen-page written decision.

Our court rules do not authorize discovery in PCR proceedings. State v. Marshall, 148 N.J. 89, 268 (1997). "[O]nly in the unusual case will a PCR court invoke its inherent right to compel discovery." Ibid. (quoting Marshall, 148 N.J. at 270). It is only "where a defendant presents the PCR court with good cause to order the State to supply the defendant with discovery that is relevant to the

defendant's case and not privileged, [that] the court has the discretionary authority to grant relief." Ibid.

Defendants are not typically entitled to discovery during PCR proceedings as the purpose of such petitions is not to investigate additional claims, but rather to vindicate existing claims. Marshall, 148 N.J. at 268. As the trial court noted, a showing of "good cause" in the context of PCR proceedings requires more than a generic demand for documents that are speculated to provide a basis for collateral attack. See State v. Szemple, 247 N.J. 82, 107 (2021).

Defendant argues he presented certifications showing the second PCR court should have afforded him discovery which would have permitted him to prove Judge Daniels's alleged conflict of interest, despite our prior ruling there was no basis for the judge's recusal. We decline to revisit this issue, since defendant did not meet the heightened standard of good cause to warrant a conclusion that precluding discovery constituted an abuse of discretion.

To the extent defendant's expansive request for PCR discovery encompasses records of reasons for an alleged recusal by Judge Daniels, the "reasons" for the judge's decision is not "discovery" within the meaning of the New Jersey court rules, since it is not information or documentation in the possession of the State. Rule 3:13-3. Nor are records regarding the replacement

of defendant's prior counsel categorically discoverable as materials in the State's possession.

We affirmed the issuance of the search warrants found lawful by Judge Daniels based on our own independent review. Since the search warrants were lawful, defendant's unsubstantiated allegations of a conflict of interest by Judge Daniels, who denied defendant's motion to suppress, could have no legal impact on defendant's conviction or sentence. Nor could records in the possession of OCPO related to Judge Daniels's alleged participation in two bail hearings concerning defendant's pre-trial detention in 1995 formulate the basis for any substantive relief at this juncture.

### III.

On our de novo review, we also discern no error with the court's denial of defendant's second PCR petition. State v. Harris, 181 N.J. 391, 419 (2004) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)); State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020). On appeal, defendant confines his arguments to alleged flaws in the factual predicate for the issuance of the search warrant and the purported conflict of interest of Judge Daniels. We decline to reconsider issues we previously adjudicated on the merits. We affirm the August 3, 2022 denial of defendant's

11

second PCR petition for the reasons set forth in its cogent, forty-page written decision.

Any arguments not addressed in this decision are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12