**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2991-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LOBENSKY DORMEVIL,

    Defendant-Appellant.

_____

Submitted September 30, 2025 – Decided November 6, 2025

Before Judges Gilson and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 15-09-1983 and 16-02-0640.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Lobensky Dormevil appeals from a November 16, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. He contends he was entitled to an evidentiary hearing on his claim that his counsel was ineffective at his sentencing following his guilty pleas. Because defendant failed to establish a prima facie showing of ineffective assistance of counsel, we affirm.

I.

In January 2015, defendant shot and killed a man in Irvington. Approximately three weeks later, in February 2015, defendant shot and killed another man in Newark.

In separate indictments, defendant was charged with the two murders, as well as related weapons offenses. Under Indictment No. 15-09-1983, defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1), (2); second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); and second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a). Under Indictment No. 16-02-0640, defendant was charged with first-degree murder, second-degree unlawful possession of a weapon, and second-degree possession of a weapon for an unlawful purpose.

2

On April 12, 2017, defendant entered guilty pleas under both indictments. Under Indictment No. 15-09-1983, defendant pled guilty to an amended charge of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); second-degree unlawful possession of a weapon; and second-degree possession of a weapon for an unlawful purpose. Under Indictment No. 16-02-0640, defendant pled guilty to an amended charge of first-degree aggravated manslaughter and second-degree possession of a weapon for an unlawful purpose.

In pleading guilty, defendant admitted he had shot both the victims and that both had died. As part of the plea agreement, the State recommended defendant be sentenced to twenty-five years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for both aggravated manslaughter convictions and that those sentences run concurrently.

The same judge who took defendant's plea also imposed the sentences. The judge sentenced defendant in accordance with the plea agreement to two concurrent prison terms of twenty-five years subject to NERA. One of the weapons convictions was merged and the sentences on the other two weapons convictions were run concurrent to the aggravated manslaughter sentences. Accordingly, in aggregate, defendant was sentenced to twenty-five years in prison for the manslaughter of two different men on two different dates.

A-2991-23

Defendant appealed his sentences, but we rejected his arguments and affirmed.  See State v. Dormevil, No. A-0887-17 (App. Div. Mar. 28, 2018).  In affirming the sentences, we rejected defendant's argument that the sentencing court erred in failing to find mitigating factors eight and nine.

Defendant thereafter filed a PCR petition, was assigned counsel, and the PCR court heard oral arguments on the petition.  The PCR judge was the same judge who had taken defendant's pleas and imposed his sentences.  The PCR court considered but rejected defendant's argument that his trial counsel had been ineffective at sentencing in failing to argue for several mitigating factors.  The court then determined that defendant had not established a prima facie showing of ineffective assistance of counsel and, therefore, denied the petition without an evidentiary hearing.

II.

On this appeal, defendant's PCR counsel makes one argument, asserting:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADVOCATE ADEQUATELY AT SENTENCING.

In a supplemental brief, prepared and submitted by defendant, he adds two additional arguments:

A-2991-23

POINT I – THE TRIAL COUNSEL OF [] DEFENDANT WAS INEFFECTIVE THUS DENYING [] DEFENDANT A MEANINGFUL AND EFFECTIVE ASSISTANCE OF COUNSEL, DEPRIVING HIM [OF] FUNDAMENTAL FAIRNESS, AND VIOLATING HIS RIGHTS UNDER THE FEDERAL AND STATE CONSTITUTIONS[.]

POINT II – THE TRIAL COURT IMPOSED [AN] ILLEGAL SENTENCE AFTER IMPROPERLY WEIGHING THE AGGRAVATING AND MITIGATING FACTORS, AS WELL AS RELEVANT INFORMATION, PERTAINING TO [] DEFENDANT'S CULPABILITIES, VIOLATES THE EIGHTH AMENDMENT DUE PROCESS CLAUSE OF THE UNITED STATES CONSTITUTION, AND NEW JERSEY CONSTITUTION CRUEL AND UNUSUAL PUNISHMENT CLAUSE[.]

When no evidentiary hearing is conducted by the PCR court, appellate courts review the denial of a PCR petition de novo. State v. Harris, 181 N.J. 391, 420-21 (2004); State v. Aburoumi, 464 N.J. Super. 326, 338-39 (App. Div. 2020). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the

defense." Strickland v. Washington, 466 U.S. 668, 687 (1984) (quoting U.S. Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). A defendant must show that, "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10 provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if he or she establishes a prima facie case in support of PCR, material issues of disputed fact cannot be resolved by reference to the existing record, and an evidentiary hearing is necessary to resolve the claims for relief. Id. at 354 (quoting R. 3:22-10(b)). The PCR court should grant an evidentiary hearing "if a defendant has presented

a prima facie claim in support of post-conviction relief." State v. Preciose, 129 N.J. 451, 462-63 (1992).

Defendant's primary argument is that his counsel was ineffective at his sentencing by failing to argue for mitigating factors four, five, six, eight, nine, and eleven. See N.J.S.A. 2C:44-1(b)(4), (5), (6), (8), (9), and (11). Defendant also argues his trial counsel failed to adequately point out that defendant was nineteen years old at the time that he committed the offenses.

The PCR judge was in a particularly good position to evaluate defendant's arguments. The judge had taken defendant's plea and imposed the sentences. The PCR judge carefully considered each factor and determined that defendant was not entitled to the mitigating factors he now argues should have been argued for and found. Our de novo review of the record establishes that the PCR judge correctly rejected defendant's claim that his counsel was ineffective in not arguing for the additional mitigating factors. We also point out that mitigating factor fourteen, which became effective in 2020, does not apply retroactively to defendant's sentences. See State v. Lane, 251 N.J. 84, 87-88 (2022).

On this appeal, defendant focuses his argument on mitigating factor four, that there were substantial grounds tending to excuse conduct while failing to establish a defense. See N.J.S.A. 2C:44-1(b)(4). In that regard, he points out

7

that he suffered from mental health issues and had a troubled family background. The PCR judge considered those arguments but found that they demonstrated neither ineffective assistance of counsel nor prejudice. Our de novo review of the record leads us to the same conclusion.

The record also demonstrates that defendant suffered no prejudice. Defendant's counsel had negotiated a very favorable plea agreement. Defendant was sentenced to concurrent prison terms for the manslaughter deaths of two men on two different occasions. Moreover, the sentences imposed were the sentences that defendant had negotiated for in his plea agreement.

In his self-represented brief, defendant raises two arguments. First, he contends he was denied fundamental fairness and his constitutional rights were violated. Those arguments lack any support in the record or the law. Accordingly, those arguments lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Second, defendant asserts that the sentencing court failed to properly weigh aggravating and mitigating factors and, therefore, his sentences were illegal. It is well-established that the improper weighing of aggravating and mitigating factors goes to the issue of excessiveness of the sentences and does not make the sentences illegal. See State v. Acevedo, 205 N.J. 40, 47 (2011).

A-2991-23

Moreover, the weighing of the aggravating and mitigating factors was addressed on defendant's direct appeal challenging his sentences. Accordingly, that argument is procedurally barred. See R. 3:22-5.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-2991-23